ADOLF H. GRAUSTEIN *vs.* HARRY F. R. DOLAN & others.

Middlesex. January 9, 1933. — April 12, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice,* Bill, Answer, Requests and rulings, Appeal. *Evidence,* Extrinsic affecting writings.

In a bill in equity against a law firm and one of its partners for an accounting as to a sum of money placed in the hands of said partner pending certain adjustments of claims involved in a sale by a corporation, the plaintiff's assignor, to a second corporation, and in accordance with agreements in writing between the parties to the sale, the plaintiff averred that such partner had "stated under oath in court that he had paid to" his law firm a certain sum of money from the amount in his hands "without authority or order"; and such partner in his answer admitted that he had "stated under oath" that he made such payment "without consulting the . . . [plaintiff] with relation thereto," and alleged in another paragraph a direction from the seller to pay the law firm and certain other creditors of the seller. On all the evidence at the hearing, the judge found that the plaintiff authorized the payment in question, and a final decree was entered dismissing the bill. On appeal therefrom, the plaintiff contended that such finding was without effect because contrary to the admission in the answer just recited. *Held,* that

(1) In respect to the authority given the defendant partner, the

bill set forth improperly an evidential admission of a fact, rather than the fact itself, and the answer did not admit the existence of the fact; (2) The fact found by the judge did not contradict the answer.

The defendant partner was not a party to the agreement in writing under which he held the greater part of the purchase money involved in the sale above described, and that agreement did not provide for the ultimate disposition of such money; and it was *held* that, at the hearing of the suit above described, no violation of the parol evidence rule was involved in a decision by the judge that a disposition of the fund in accordance with contemporaneous oral directions from the seller and the plaintiff discharged all liability.

An appeal does not lie from findings, rulings and an order for decree dismissing a bill in equity with costs; and, even if such an order were deemed to be in substance an interlocutory decree, it *was stated* that an appeal from a final decree entered in accordance therewith opened to the appellant all contentions that would be open on an appeal from such interlocutory decree.

Where, at the hearing of a suit in equity, one of the parties presents requests for rulings which the judge refuses and no exception to such refusal is saved, and there is a report of material facts but no report of the evidence under G. L. (Ter. Ed.) c. 214, § 24, and Rule 76 of the Superior Court (1932), the requests cannot be considered by this court on appeal from a final decree against the party who presented them.

It *was stated* that the use of requests for limited purposes in hearings before masters, who commonly report their findings without the evidence, is not affected by the above decision.

BILL IN EQUITY for an accounting, filed in the Superior Court on January 12, 1932, and afterwards amended, against Harry F. R. Dolan, the members of the law firm of Dolan, Morson and Stebbins, and H. P. Hood & Sons, Inc.

The suit was heard by *Gray*, J., a stenographer having been appointed under G. L. (Ter. Ed.) c. 214, § 24; Rule 76 of the Superior Court (1932). The record before this court contained a statement by the judge, filed on June 20, 1932, of his findings, rulings and order for decree, but no report of the evidence. Material facts found by the judge are stated in the opinion. A final decree was entered dismissing the bill. The plaintiff appealed from the "order or interlocutory decree of June 20, 1932, and findings therein," and also from the final decree.

*W. A. Graustein*, attorney in fact, for the plaintiff.

*J. H. Morson*, for the defendants.

LUMMUS, J. The Maple Farm Milk Company of Massa-

chusetts on September 1, 1927, sold all its assets, except accounts receivable and choses in action, to H. P. Hood & Sons, Inc., for the price of $22,200. As a part of the transaction the plaintiff discharged a chattel mortgage held by him upon some of the assets. The Maple Farm Milk Company of Massachusetts (the seller) and the plaintiff as mortgagee agreed in writing with the buyer on the same day that the entire price might remain in the hands of the defendant Dolan for fifteen days for the purpose of making adjustments in favor of the buyer for property bought that might fail of delivery. At the same time another instrument was signed by the seller, the buyer, and the defendant Dolan, whereby the seller agreed to deposit $2,000 with the defendant Dolan to enable him to pay the conditional vendors of certain trucks included in the sale. At the same time, also, the seller assigned to the plaintiff all its accounts receivable and choses in action, and the trial judge ruled that the assignment included its claim for the purchase price of the sale.

The defendant Dolan received $22,413.02 in all under the instruments just described, and deposited the money in the bank account of Dolan, Morson and Stebbins, the law firm of which he was a member. He used $1,790.80 to pay off the conditional vendors, $36.75 for expenses, and paid the plaintiff $16,094.97, leaving a balance of $4,490.50. The plaintiff attacks only the disposition of this balance. The trial judge found that on September 1, 1927, "while the documents hereinbefore referred to were being discussed and prepared and before their execution," the seller and the plaintiff orally authorized the defendant Dolan, out of the purchase price which was to be in his hands, to pay certain debts of the seller, amounting to $703.95, and to pay a debt of the seller to Dolan, Morson and Stebbins for legal services and expenses, amounting to $3,786.55, and that these payments were made. If these payments were lawfully made, no balance remains to be accounted for. The case is here upon the plaintiff's appeal from a final decree dismissing his bill with costs.

The bill alleges that the defendant Dolan "has stated

under oath in court that he had paid to the law firm of Dolan, Morson and Stebbins . . . the sum of . . . $3,786.55 of aforesaid fund without authority or order." The answer of the defendant Dolan admits that he "stated under oath" that he made such payment "without consulting the complainant with relation thereto," and sets up in another paragraph a direction from the seller to pay the law firm and certain other creditors. In this situation the plaintiff contends that the finding that the plaintiff authorized these payments is without effect because contrary to the admission in the answer just recited. See *Bancroft* v. *Cook,* 264 Mass. 343, 348, and *Calnan* v. *Guaranty Security Corp.* 271 Mass. 533, 541; compare with the latter case the changes made by Rule 29 of the Superior Court (1932). But in respect to the authority given to the defendant Dolan the bill set forth improperly an evidential admission of a fact, rather than the fact itself (G. L. [Ter. Ed.] c. 214, § 12; *Taylor* v. *Neal,* 260 Mass. 427, 439; *Christiansen* v. *Dixon,* 271 Mass. 475), and the answer admitted the making of the admission rather than the fact. Accordingly, the contrary fact found by the judge did not contradict the answer. The admission by the defendant Dolan as a witness at the trial of another case, that he paid his law firm $3,786.55 without authority from the plaintiff, did not prevent him from asserting and demonstrating in this case that his former testimony was mistaken. Upon this bill, which was for an accounting, the defendants could show any proper disposition of the fund not closed to them by the answer. *Goldthwait* v. *Day,* 149 Mass. 185. *Braman* v. *Foss,* 204 Mass. 404, 411, 412. The instrument under which the bulk of the purchase price was held was silent as to its ultimate disposition, no one was interested in that except the seller and the plaintiff, the defendant Dolan was not a party to the instrument, and no violation of the parol evidence rule was involved in the decision that a disposition of the fund in accordance with contemporaneous oral directions from the seller and the plaintiff discharged all liability.

In addition to claiming an appeal from the final decree, the plaintiff claimed an appeal from findings, rulings and

an order for decree dismissing the bill with costs, filed on June 20, 1932. This was not the final decree, but an order for the entry of the final decree entered on July 1, 1932. *Churchill* v. *Churchill*, 239 Mass. 443, 445, 446. Neither was it in form an interlocutory decree. Appeals in equity are limited to appeals from interlocutory and final decrees. G. L. (Ter. Ed.) c. 214, §§ 19, 26. An order for a decree has never been the subject of appeal as such in equity cases except during the period between the taking effect of G. L. c. 231, §§ 96, 144, on January 1, 1921, and the taking effect of St. 1928, c. 306, which restored the general equity practice. *Siciliano* v. *Barbuto*, 265 Mass. 390. *Knox* v. *Springfield*, 273 Mass. 109. Assuming, however, that the order for a decree may be deemed in substance an interlocutory decree and appealable as such (*Bartlett* v. *Slater*, 211 Mass. 334, 352; *Churchill* v. *Churchill*, 239 Mass. 443, 445; *Check* v. *Kaplan*, 280 Mass. 170, 175), this appeal needs no separate consideration, for everything opened by it is also open on the appeal from the final decree. No error appears in entering the final decree upon the facts found by the judge. His findings are consistent with each other, and in the absence of the evidence we have no means of revising them.

The plaintiff presented twenty-one requests for rulings, some of which were refused. No exception to the refusal was noted. There was a report of material facts, but no report of the evidence under G. L. (Ter. Ed.) c. 214, § 24, and Rule 76 of the Superior Court (1932). In trials without jury under common law practice where the judge is not bound to find facts expressly, requests for rulings serve to separate the law from the fact so that the law may be reviewed on exceptions. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17–19. *Castano* v. *Leone*, 278 Mass. 429. *Ashapa* v. *Reed*, 280 Mass. 514. But apart from statute requests for rulings form no recognized part of the practice in equity cases carried up by appeal after hearing by a judge, where a party not only may require a report of material facts but may also bring up all the evidence for review of fact as well as law. G. L. (Ter. Ed.)

c. 214, §§ 23, 24. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 144. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214, 215. If it be assumed in favor of the plaintiff, but without deciding, that exceptions to refusals to grant such requests could be brought here on appeal under G. L. (Ter. Ed.) c. 214, § 25, and once here would not be overshadowed and rendered immaterial by the duty of this court to order a correct decree upon the pleadings and evidence, whatever the views of the law entertained by the court below, in the present case the requests cannot be considered because no exceptions were taken. Cases may be found in which such requests have been considered on appeal in equity, but in those cases the point of practice was not raised or decided. The use of requests for limited purposes in hearings before masters (*Warfield* v. *Adams,* 215 Mass. 506, 519; *First National Bank of Haverhill* v. *Harrison,* 271 Mass. 258, 263; *Long* v. *Athol,* 196 Mass. 497, 507), who commonly report their findings without the evidence, is not affected by anything here decided.

*Decree affirmed with costs.*