JOSEPH TAXEIRA *vs.* MARY ARTER, administratrix, & another.

Norfolk.    November 6, 1935. — November 26, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Insurance,* Cancellation, Motor vehicle liability.    *Notice.    Equity Pleading and Practice,* Appeal.

A notice of cancellation of a policy of compulsory motor vehicle liability insurance, mailed by the insurer by registered mail addressed to the assured at the address stated in the policy, on the fifteenth day before the specified date of cancellation, but not received at the post office in the town where such address was located until the fourteenth day before such date, and never actually received by the assured, was not sufficient under G. L. c. 175, § 113A, as amended by St. 1926, c. 368, § 4, requiring written notice to be "given" to the assured at least fifteen days before such date, which imported at least seasonable knowledge by the assured of the notice; and if a provision of the policy meant that such act of mailing in itself should be sufficient notice, the policy provision was controlled by the statutory provision.

No appeal lies in a suit in equity from "the finding and ruling of the Court" or from an order for decree.

BILL IN EQUITY, filed in the Superior Court on August 9, 1934.

The suit was heard by *Brogna,* J. The defendant American Employers' Insurance Company appealed "from the finding and ruling of the Court," from an order for final decree, and from the final decree.

*R. H. Lee,* (*S. P. Sears* with him,) for the defendant American Employers' Insurance Company.

*W. G. Cogan,* for the plaintiff.

QUA, J.  The plaintiff has recovered judgment against the defendant Mary Arter as administratrix of the estate of Robert Arter for personal injuries sustained while the plaintiff was riding in an automobile driven by said Robert Arter.  He brings this bill under G. L. (Ter. Ed.) c. 214, § 3, (10), to reach and apply in satisfaction of his judgment the obligation of the defendant American Employers' Insurance Company under a motor vehicle liability policy insuring said Robert Arter.  The sole question at issue is whether the defendant insurance company, hereinafter called the company, had cancelled the policy before the accident.

G. L. c. 175, § 113A, as amended by St. 1926, c. 368, § 4, required the inclusion in such policies of a provision that "no cancellation of the policy . . . shall be valid unless written notice is given by the party proposing cancellation to the other party at least fifteen days prior to the intended effective date thereof."  But the policy here in question also contained a further provision that "Notice of cancellation sent by registered mail to, or delivered at, the address of the named Assured as given in the Declarations shall be a sufficient notice."  The accident occurred on December 7, 1928, between 5 and 6 P.M.  On November 22, 1928, the company mailed at Boston by registered mail addressed to the assured at "Goward's Corner, Easton, Mass.," which was the address set out in the policy, a notice that the insurer "was cancelling" the policy as of 12 : 01 A.M. December 7, 1928.  Easton is about twenty-five miles from Boston. The notice was received at the Easton post office on November 23, 1928.  It was never delivered to or received by Robert Arter and was mailed back by the post office to the company five days later.  The trial judge ruled that notice of cancellation was not given at least fifteen days prior to the intended effective date thereof and entered a final decree in favor of the plaintiff.

The company contends that by the terms of the policy the parties had agreed that the mere mailing of a notice by registered mail to the address stated in the policy should be sufficient, without regard to whether the assured ever

received it or to whether it was deposited in the post office in such season that he could have received it fifteen days prior to the cancellation date. It is then argued that as the act of mailing was performed on the fifteenth day before the cancellation date, notice was given in time under the rule laid down in *Stewart* v. *Griswold*, 134 Mass. 391.

This argument overlooks the peculiar character of our compulsory liability insurance law and its primary object of protection to the public. See *O'Roak* v. *Lloyds Casualty Co*. 285 Mass. 532, 535. That object will not permit the parties to a motor vehicle liability policy to weaken by agreement those statutory requirements which tend to make it more certain that all automobiles in operation will be duly covered at all times by liability insurance. In *Merchants Mutual Casualty Co*. v. *Justices of the Superior Court*, 291 Mass. 164, 166–167, where the policy contained language similar to that used in the policy now before us, this court said of said § 113A, taken in connection with § 113D, which refers to receipt of the notice, that "These statutory words control any provision in the policy as to the giving of the notice. . . . A statutory mandate that a written notice be given by one party to the contract of insurance and that such written notice be received by the other party imports actual notice. The words mean at least knowledge by the assured that written notice of the specified tenor has reached the place where the assured rightly may be presumed to be. . . . This principle is a part of the compulsory motor vehicle insurance law." If we now assume, but without deciding, that § 113A would have permitted the parties to the policy to go as far as to fix by their contract the specific address to which the written notice should be mailed, the fact remains that in this case the notice did not even arrive at the Easton post office until the fourteenth day before December 7, so that the assured could not possibly have had knowledge of it fifteen days prior to the intended date of cancellation. The judge's ruling was right. It is decisive of the issue.

To avoid possible future misapprehension we may add that both § 113A and § 113D, upon the construction of

which as they read at the time of the events of this case this decision rests, have since been amended in substantial respects by St. 1933, c. 119, §§ 1, 2.

The company's appeal "from the finding and ruling of the Court" and from the order for a final decree must be dismissed. *Churchill* v. *Churchill,* 239 Mass. 443. *Graustein* v. *Dolan,* 282 Mass. 579, 583. The final decree must be affirmed with costs of the appeal.

*Ordered accordingly.*