ELEANOR O. MILLIKEN *vs.* EVELYN E. MILLIKEN & another.

Norfolk.    November 12, 1935. — November 26, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Trust*, Constructive.. *Equity Pleading and Practice*, Master: report of evidence; Appeal.

The evidence heard by a master not authorized to report it was not before this court on appeal though he included in his report parts of the evidence to facilitate understanding of his findings.

Findings by a master, not inconsistent one with another, negatived the essential allegations in a bill in equity by one heir of a decedent against another to establish a constructive trust in real estate formerly of the decedent, on the ground of an agreement between the parties as to the distribution of the estate; and a decree dismissing the bill was therefore proper.

No appeal lies from an order for decree in a suit in equity.

BILL IN EQUITY, filed in the Superior Court on December 26, 1933.

The decrees appealed from were entered by order of *Williams*, J.

The case was submitted on briefs.

*H. L. Metcalfe & A. T. Handverger*, for the plaintiff.

*H. J. Webb*, for the defendant Evelyn E. Milliken.

*A. W. Dana, S. G. Carpenter, Jr., & G. W. Dana*, for the defendant Myrtle F. Milliken.

QUA, J.   The essential allegations of the bill, briefly summarized, are as follows: The plaintiff, now an elderly woman, was appointed in 1902 as administratrix of the estate of her

deceased husband, Lemuel W. Milliken. He also left surviving him two sons, William and Wallace, who were the issue of the marriage. Both sons died in June, 1933. William's heirs are his mother and his widow, the defendant Myrtle F. Milliken. Wallace's heirs are his mother and his widow, the defendant Evelyn E. Milliken. At the time of Lemuel W. Milliken's decease he owned a manufacturing business and two parcels of residential real estate in the town of Franklin. About 1903 the two sons agreed orally with the plaintiff that the estate be distributed by the plaintiff conveying the business to her two sons and by her sons conveying to her their interest in the Franklin real estate, the "arrangements" being entrusted to the son Wallace. In consideration of this agreement, the plaintiff conveyed the business to her sons. Deeds of the real estate to the plaintiff were executed by the sons and "delivered for recording" to Wallace, "who failed or neglected to have them recorded." The plaintiff has ever since continued in possession of the real estate, renting it and paying the necessary charges. She did not learn until after the death of her sons that the deeds had not been recorded. The defendants, daughters-in-law of the plaintiff, are now claiming an interest in the real estate as heirs of their husbands. The prayers are for an injunction, for the establishment of a constructive trust in the real estate for the benefit of the plaintiff and for the delivery of deeds to the plaintiff, or in the alternative that the bill of sale of the business be declared void and for an accounting of the profits of the business.

Decisive findings of the master are these: In 1915 the plaintiff did give a bill of sale of the business to her sons, and they "did permit their mother . . . to take control of the houses and collect the rents and make repairs." But "no agreement was ever entered into between the petitioner and her sons whereby they were to deed to her the property in question, or any part of it, as consideration for the bill of sale of her interest" in the business or for any other consideration. No deeds were ever drawn or executed by William and Wallace relative to the property in question.

The plaintiff received the rents of the real estate. When she ran short of funds to pay carrying charges, the sons furnished the amount needed. Each of the sons lived with his mother in one of the houses for long periods of time. The plaintiff signed the bill of sale with full knowledge that she was transferring all her interest in the business. There was no fraud or duress on the part of the sons.

On April 11, 1935, the plaintiff filed in the case a claim of appeal from "the interlocutory decree entered therein." We treat this appeal as intended to relate to the matters vital to the major issues involved in an interlocutory decree entered April 1 confirming the master's report, and not to another decree of the same date not mentioned in argument, also entitled an interlocutory decree, but final in its nature, whereby the plaintiff was required to deposit for the benefit of the parties the sum of $100.70, which the master had found due on counterclaims contained in the defendants' answers. From papers on file it appears that this sum has been paid. We have examined the objections to the master's report and find no error in the decree confirming it.

The order of reference to the master did not authorize him to report the evidence. Although he has included in his report brief statements as to parts of the testimony of various witnesses, apparently for the purpose of making his findings more readily understood, the evidence as such is not before us. *Lindsay* v. *Swift*, 230 Mass. 407, 409. The findings are not inconsistent with each other. We cannot review them to determine their correctness. They establish the facts upon which the decision must rest. *Cohen* v. *Silver*, 277 Mass. 230, 232. *MacLeod* v. *Davis*, 290 Mass. 335, 337–338. It is immediately apparent that these findings are fatal to the maintenance of the bill on the merits. They destroy every foundation upon which any decree favorable to the plaintiff could be supported. It is unnecessary to consider certain defences specially set up in the answers.

The plaintiff's appeals from the order that an interlocutory decree be entered confirming the master's report, and from the order for final decree must be dismissed. *Churchill*

v. *Churchill*, 239 Mass. 443, 445. *Graustein* v. *Dolan*, 282 Mass. 579, 582–583. The interlocutory decree confirming the master's report is affirmed. The final decree is affirmed with the costs of appeal.

*Ordered accordingly.*