KELVIE L. SCHNARE & others *vs.* A. H. EVANS.

Worcester.     September 27, 1938. — October 26, 1938.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Unlawful Interference.    Trade Name.*

A suit in equity to enjoin the use of a certain trade name properly was
dismissed where it did not appear that the plaintiff had any more
right to use of the name than did the defendant, or that it had ac-
quired a secondary meaning suggesting the plaintiff rather than the
defendant, or that the defendant was attempting to palm off his
goods as those of the plaintiff or to appropriate the plaintiff's business
by use of the name, or even that the parties' businesses were of the
same character.

BILL IN EQUITY, filed in the Superior Court on January
11, 1938.

A decree dismissing the bill was entered by order of
*Leary*, J.

*C. F. Boyle*, for the plaintiffs, submitted a brief.

No argument nor brief for the defendant.

Cox, J.   The plaintiffs seek to restrain the defendant in
connection with his use of the name Lake View Ice Co. or
Lake View Oil and Ice Co.   The case was referred to a
master whose report was confirmed by interlocutory decree.
The trial judge found, upon the master's report, that the
acts of the defendant were not such as to entitle the plain-
tiffs to relief.   A final decree was entered dismissing the bill
with costs.   The plaintiffs appealed "from the interlocutory
decree finding and order for decree dismissing bill with
costs, and from the final decree entered in said case, and from
all the orders and findings in said interlocutory decree and
final decree and in the memorandum of the court on file
referred to in said decrees."   There were no objections to
the master's report.   *Hillier* v. *Farrell*, 185 Mass. 434.
*Goodwin* v. *Cosmopolitan Trust Co.* 248 Mass. 146, 150.
An appeal does not lie from findings, rulings, and order for
decree.   *Graustein* v. *Dolan*, 282 Mass. 579, 582–583.   The

plaintiffs' rights, however, are fully open for consideration on their appeal from the final decree. *Graustein* v. *Dolan,* 282 Mass. 579, 583.

The master found that in 1925 the plaintiffs' father, who had been conducting an ice business under the name of Lake View Ice Co., retired from the retail business and turned over four routes, which he had established, to four of his sons, three of whom are plaintiffs. There was no formal transfer of the business. In 1937, the son who is not a plaintiff turned over his route to the fifth son, who makes the fourth plaintiff. In 1928, the defendant went to live with the father and continued there until January, 1938, together with the plaintiffs and the other brother. No disagreement has ever arisen between any of the parties with reference to their conduct of the ice business. In 1928 and 1929, the defendant worked for Kelvie Schnare, one of the plaintiffs, and in 1931, the latter and his brother Charles turned over parts of their ice routes to the defendant, who then started in business on his own account, under the name of Lake View Ice Co. At that time, the father and all the brothers assented to the use of this name by the defendant. There was no partnership relation existing between any of the parties but each carried on his own retail ice business individually, although all used the name and designation Lake View Ice Co. All the ice trucks of the brothers and the defendant have been painted in the same manner and have borne the same lettering and designation, "Lake View Ice Co." In October, 1937, the defendant turned over his ice route to one of the plaintiffs and started in the business of selling range oil at retail. The plaintiffs have not engaged in the business of selling oil, nor did they, prior to the time the defendant began to sell it, forbid him to do so or in any way indicate that they objected. On April 14, 1933, the four brothers, to whom the father had turned over his retail business, and the defendant, each filed with the city clerk of the city of Worcester a separate certificate under the provisions of G. L. (Ter. Ed.) c. 110, § 5, to the effect that each was doing business as a dealer in ice under the name and designation of Lake View Ice

Co. In October, 1937, the defendant filed a similar certificate to the effect that he was doing business as a dealer in oil and ice under the name of Lake View Ice and Oil.

The defendant painted the oil tank, which he had placed on his ice truck, the same color as had been used previously on the body of the truck. The name originally painted on the oil tank was Lake View Oil and Ice, and, as a result, on December 16, 1937, the defendant filed a new certificate with the city clerk, setting out the name under which he was doing business as Lake View Oil and Ice. On December 15, 1937, the plaintiffs filed for record with the Secretary of the Commonwealth "a trademark under the name of Lake View Ice and Oil Co. under the provisions of G. L. c. 110, [§ 8] declaring that they were doing business individually under the name and style of the Lake View Ice and Oil Co. and that the kind of merchandise to which the trademark has been or is intended to be appropriated is ice and fuel." On December 21, 1937, for the first time, the plaintiffs objected to the defendant engaging in the oil business and requested him to withdraw his certificates and generally to refrain from the use of the names Lake View Ice Co., Lake View Ice and Oil Co., or any similar name.

The governing principles of law have frequently been stated, and there is no occasion to repeat them. See *General Fruit Stores, Inc.* v. *Markarian*, 300 Mass. 90, 94, and cases cited. There was nothing about either trade name that would prevent anyone engaged in the ice or oil business from using it, if he did nothing to deprive another of the benefit of his good reputation among his customers. *Giragosian* v. *Chutjian*, 194 Mass. 504. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100. *The Tent, Inc.* v. *Burnham*, 269 Mass. 211, 213. There was no evidence that the use of the trade name Lake View Ice Co. had resulted in its acquiring such a secondary meaning as to suggest the plaintiffs any more than the defendant. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 103. The defendant did not attempt to palm off his goods as those of the plaintiffs and neither did he attempt to appropriate the plaintiffs' business by the use of either name. *Hub Dress Manuf. Co.*

*v. Rottenberg,* 237 Mass. 281, 284. The defendant's use of the name Lake View Oil and Ice was in connection with a business in which the plaintiffs were not engaged. There was no attempt by the defendant to secure for himself any benefit of the plaintiffs. The finding of the judge was warranted. *Economy Food Products Co.* v. *Economy Grocery Stores Corp.* 281 Mass. 57, 60–61, and cases cited.

*Decree affirmed with costs.*