MOSES H. GULESIAN *vs.* NEWTON TRUST COMPANY & others.

Suffolk.    November 16, 1938. — February 16, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Equity Pleading and Practice,* Dismissal of bill without prejudice, Counter-claim, Jury issues, Appeal, Decree.  *Constitutional Law,* Trial by jury.

The mere facts that a bill in equity against a bank mortgagee and others charging a conspiracy to deprive the plaintiff of his property had been dismissed as to a defendant alleged to have owned a controlling interest in the mortgagee, and that a temporary injunction had been entered against the mortgagee did not warrant a finding that the remaining defendants' situation had been so changed as to make it inequitable to allow a motion by the plaintiff that the bill be dismissed without prejudice; and such motion should have been allowed without prejudice but with costs and without effect upon a counterclaim filed by the defendant mortgagee.

A plaintiff seeking equitable relief is not entitled as of right to a jury trial upon a counterclaim of the defendant although it sets up a claim at law.

No appeal lies from findings, rulings, and an order for a decree in a suit in equity.

Where the defendant in a suit in equity filed a counterclaim, and a motion by the plaintiff that his bill be dismissed without prejudice was held by this court to have been denied improperly, recitals in the final decree relating to issues raised in the bill but not in the counterclaim were ordered elided.

BILL IN EQUITY, filed in the Superior Court on March 7, 1938.

The plaintiff's motions that his bill be dismissed without prejudice, and for a jury trial of the counterclaim of the defendant trust company were heard and denied by *Hanify,* J.

The suit was heard on its merits by *Hurley,* J.

*T. B. Shea,* (*G. J. Barry* with him,) for the plaintiff.

*E. F. McClennen,* (*L. McClennen & G. MacClain* with him,) for the defendants.

LUMMUS, J.   A mortgagor brings this bill against the mortgagee Newton Trust Company and certain individuals who, the plaintiff alleges, conspired with that mortgagee to deprive the plaintiff of his land by interfering with the management of it and ultimately by foreclosing the mortgages.   The defendant Newton Trust Company filed a counterclaim under Rule 32 of the Superior Court (1932), based on unpaid mortgage notes given to it by the plaintiff with the same mortgages.   It prayed for a decree ordering payment of the notes and declaring that the mortgagee had a right to foreclose by sale.   The findings of the judge established the counterclaim but not the bill.   On June 15, 1938, a final decree was entered, dismissing the bill with costs, and giving to the defendant Newton Trust Company the relief prayed for by its counterclaim.

1.   After the counterclaim was filed but before the plaintiff answered it, he moved to have his bill dismissed without prejudice.   His motion was denied, and he appealed as from an interlocutory decree.   *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, 33.   *Graustein* v. *Dolan,* 282 Mass. 579, 583, and cases cited.   *Kaufman* v. *Buckley,* 285 Mass. 83, 86.   The judge was not required to permit the plaintiff to escape from the counterclaim.   *Shea* v. *Lexington,* 290 Mass. 361, 373, 374.   Many of the findings made by the judge and expressly adjudicated by the final decree are based upon the affirmative allegations of the counterclaim, and are not merely denials of facts alleged in the bill.   Those findings may prove a strong barrier to any relief to the plaintiff at law or in equity.   But so far as any of those findings lie outside the scope of the counterclaim, they ought not to stand if there was error in denying the plaintiff's motion for the dismissal of his bill.   The reason given by the judge for denying that motion was that it appeared that "decrees have been entered in this suit pursuant to which the defendants' situation has been changed since the institution of this suit, rendering it inequitable for the plaintiff to have the advantage gained to the prejudice of the defendants."   At the time when that motion was denied, no decrees had been entered except a decree dismissing the bill against The First National Bank of

Boston,* which did no harm to the other defendants, and a decree granting a temporary injunction against Newton Trust Company which imposed upon that company "a burden, not a right." *Bolton* v. *Van Heusen,* 249 Mass. 503, 506. We are unable to see how the situation of the defendants could have changed "pursuant to" either decree, so as to make it inequitable for the plaintiff to dismiss his bill without prejudice but with costs (*Shea* v. *Lexington,* 290 Mass. 361, 373, 374; *Nicolai* v. *Nicolai,* 283 Mass. 241), leaving the counterclaim unaffected. *Callahan* v. *Mercantile Trust Co.* 188 Mass. 393, 398. *Glazer* v. *Schwartz,* 276 Mass. 54. The denial of his motion, treated as an interlocutory decree, must be reversed.

2. The plaintiff filed a claim for jury trial upon the counterclaim, and a motion that issues be framed for trial by jury. From the denial of that motion he likewise appealed, as from an interlocutory decree. He had no constitutional right to trial by jury. When he voluntarily went into equity, he submitted himself to all the incidents of equity practice, including the hearing without jury of a counterclaim, even one based upon a purely legal cause of action. Rule 32 of the Superior Court (1932). *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 607, *et seq.* In principle this is settled by *Ross* v. *New England Mutual Ins. Co.* 120 Mass. 113, 117; *Parker* v. *Simpson,* 180 Mass. 334, 344; *Bergeron* v. *Automobile Mutual Ins. Co.* 261 Mass. 409. But compare *Clifton* v. *Tomb,* 21 Fed. (2d) 893, 898; *United States* v. *National City Bank of New York,* 83 Fed. (2d) 236, 238. The appeal, it is true, brings up the question whether the judge should have exercised his discretion in favor of framing jury issues. *Merchants' National Bank of Newburyport* v. *Moulton,* 143 Mass. 543. *Boston* v. *Dolan,* 298 Mass.

---

* The only averment in the bill respecting the defendant The First National Bank of Boston was the following: "13. The defendant, The First National Bank of Boston, is the owner of the control interest in the Newton Trust Company and as such is a depository for funds for the Newton Trust Company." The only prayer of the bill relating to that defendant was as follows: "Third: During the pendency of this bill, the defendant, The First National Bank of Boston, its agents, attorneys and counsellors, and each and every one of them, be strictly restrained from taking any action pertaining to the real estate mortgages hereinbefore mentioned." — REPORTER.

346, 355. But we see no reason to reverse his decision. *Ross* v. *New England Mutual Ins. Co.* 120 Mass. 113, 117. *Culbert* v. *Hall*, 181 Mass. 24. *Shapira* v. *D'Arcy*, 180 Mass. 377, 379. *Long* v. *George*, 296 Mass. 574, 579.

3. The attempted appeal from the findings, rulings and order for decree, is worthless. No such appeal is known to equity practice. *Graustein* v. *Dolan*, 282 Mass. 579, 582, 583. *Aronson* v. *Sol. & S. Marcus Co.* 292 Mass. 389, 396. *Taxeira* v. *Arter*, 292 Mass. 537, 540. *Milliken* v. *Milliken*, 292 Mass. 540, 542. *National Radiator Corp.* v. *Parad*, 297 Mass. 314, 318. *Fusaro* v. *Murray*, 300 Mass. 229. *Schnare* v. *Evans*, 301 Mass. 343. *Moat* v. *Moat*, 301 Mass. 469. *Restighini* v. *Hanagan*, *ante*, 151. This has been pointed out often enough.

4. The appeal from the final decree remains for consideration. No evidence is reported. The facts voluntarily found by the judge, though possibly not shown to be all the facts upon which the final decree was based, are consistent with that decree, and in fact are sufficient to support it. *Birnbaum* v. *Pamoukis*, 301 Mass. 559. We have left to consider only the question whether the final decree is within the frame or scope of the pleadings. *Patterson* v. *Pendexter*, 259 Mass. 490, 492. *Abeloff* v. *Peacard*, 272 Mass. 56, 59. *Colella* v. *Essex County Acceptance Corp.* 288 Mass. 221, 228, 229. *Walter* v. *Walter*, 301 Mass. 289, 293. So far as the final decree is within the frame and scope of the counterclaim, it is proper. Although the declarations of specific facts and rights contained in the ordering or adjudicating part of the decree are in greater detail than usual, they constitute no ground for reversal, so far as they lie within the scope of the counterclaim and the issues raised by it. *Olsen* v. *Olsen*, 294 Mass. 507, 509. *Raymond* v. *Jackson*, 297 Mass. 509, 512. *Mt. Holyoke Realty Corp.* v. *Holyoke* *Realty Corp.* 298 Mass. 513, 514. *Potter* v. *Mullaney*, 301 Mass. 497, 498. But some of the matters adjudicated by the final decree appear to lie outside the scope of the counterclaim, and within that of the bill, which, as we have decided, ought to have been dismissed at the request of the plaintiff. Such matters cannot be included in the final decree. *Schuka*

v. *Bagocius,* 294 Mass. 597. For example, the declarations
that there was no contriving of a scheme, no conspiracy, and
no waste, appear to relate to the bill and not to the counter-
claim. We do not pause to inquire whether there are in the
decree other matters falling within the same class. Since
the final decree extends beyond the scope of the counter-
claim, it must be reversed.

The result is (a) that the appeal claimed from the findings,
rulings and order for decree is dismissed; (b) that the
interlocutory decree denying the plaintiff's motion to dismiss
his bill is reversed; (c) that the interlocutory decree deny-
ing issues for trial by jury is affirmed; (d) that the final
decree is reversed; and (e) that a new final decree is to be
entered, giving relief to the defendant Newton Trust Com-
pany upon its counterclaim, and dismissing the bill without
prejudice, but without impairing the effect of the final decree
with reference to the counterclaim as an adjudication of
facts relevant also to the bill; with costs to the defendant
Newton Trust Company.

*Ordered accordingly.*