Maria Konopnicka Society of the Holy Trinity Polish Roman Catholic Church *vs.* Maria Konopnicka Society & others.

Bristol. December 30, 1953. — July 7, 1954.

Present: Qua, C.J., Lummus, Wilkins, Spalding, & Counihan, JJ.

*Equity Pleading and Practice*, Appeal, Parties, Class suit. *Unincorporated Association.*

No appeal lies from findings by a judge in a suit in equity. [566]

A purported appeal from the findings of the judge in a suit in equity was treated by this court as an appeal from the final decree entered by his order where he heard the case solely on a master's report and made no findings. [567]

An unincorporated association is not a legal entity and cannot itself be a party to litigation. [568]

A bill in equity not framed as a class bill but purportedly brought by an unincorporated association against another unincorporated association and two individuals was ordered by this court dismissed for want of proper parties where no individuals were plaintiffs and it did not appear that the individual defendants, against whom no ground for relief was shown, represented the defendant association. [568–569]

A group of members of an unincorporated "ladies aid society," which, although in fact affiliated with a church, was open to all women and had a provision in its constitution that it could not "be attached to any parish," failed to establish that another group had ceased to be members of the society and were using its name and holding its records and assets without right by proof merely that the latter group withdrew from a meeting of the society in the church and afterwards met elsewhere following a statement by the pastor at such meeting that the society was a church society and anyone who was not a member of the church could not stay. [569–570]

BILL IN EQUITY, filed in the Superior Court on April 5, 1951.

The suit was heard by *Warner*, J., upon a master's report.

In this court the case was submitted on briefs.

*Anna F. McManus*, for the defendants.

*Ellsworth A. Hathaway*, for the plaintiff.

SPALDING, J. The plaintiff society, hereinafter called the plaintiff group, brought this bill to enjoin the defendant society from using the name Maria Konopnicka Society, and to compel the return of certain property and records alleged to belong to it. The defendants described in the bill are the Maria Konopnicka Society, and Victoria S. Tokarz and Helen Los. The defendant society will be referred to hereinafter as the defendant group.

The case was referred to a master whose report was confirmed by an interlocutory decree. A final decree was entered in favor of the plaintiff group. The defendants appealed not from the final decree but from the findings of the judge. There can, of course, be no appeal in equity from findings. *Graustein* v. *Dolan*, 282 Mass. 579, 583. *Taxeira* v. *Arter*, 292 Mass. 537, 540. *Gulesian* v. *Newton Trust Co*. 302 Mass. 369, 372. *Moodie* v. *Jenks*, 329 Mass. 332. "An appeal in equity under our statutes may be taken only from an interlocutory decree or a final decree." *Carilli* v. *Hersey*, 303 Mass. 82, 87. Unless, therefore, the

purported appeal here, despite its language, can be treated
as an appeal from the final decree it brings nothing here.
We are of opinion that it can be so treated. There were no
findings by the judge. The case was heard by him solely
on the master's report and all that he did was to enter the
final decree. Since the only action of the judge to which
the purported appeal could refer was the entering of the
final decree, we are disposed to construe it as an appeal from
that decree. See *E. S. Parks Shellac Co.* v. *Jones*, 265
Mass. 108, 110.

The findings of the master include the following: The
Maria Konopnicka Society, an unincorporated association,
was organized in 1929 with the aid of the pastor of the Holy
Trinity Church in Fall River. It was a "ladies aid society"
and customarily held its meetings on Sundays in the base-
ment of the church following the services. "[T]here was
no requirement that membership in the society at that time
was predicated upon membership or attendance at the Holy
Trinity Church." Under the constitution membership in
the society was open to "Any single or married woman."
The constitution further provided that "This organization
cannot be attached to any parish." The unwritten purpose
of the society, however, was to assist the church and to
engage in church activities. "[I]n general, the society, by
its action, was a society affiliated with the church," and
was known as such.

At a meeting of the society on June 15, 1947, "there
was a row" which occurred in these circumstances. Father
Jasinski, the new pastor of the church, attended the meeting
and stated that the society was a church society, and anyone
who was not a member of the church could not stay. One
member replied that it was not a church society and "if
they could not hold the meeting there they would find
another place." Thereupon certain members including
most of the officers of the society, but comprising a minority
of its total membership, left and did not return. These
members together with others who have joined them con-
stitute the defendant group and have thereafter met at

the Polish National Home. The plaintiff group comprises those who did not leave the meeting and others who later joined. After June 15, 1947, it "in some way became connected with a national organization known as National Polish Society of Scranton, Pennsylvania." But this affiliation is subordinate to, and in no way interferes with, the group's activities in the Holy Trinity Church. Most of the record books of the society and its assets, consisting of bank books, bonds, and cash, came into the possession of the defendant group. No vote, formal or informal, was ever taken by the society to separate, disband, or liquidate. The plaintiff group continues to function in the same way that the society did prior to June 15, 1947, and continues to assist in church activities. The defendant group also functions in the same way that the society did except that it has nothing to do with the Holy Trinity Church or its activities. Each group now calls itself the Maria Konopnicka Society and "confusion exists in the mind of the public by two societies using the same name."

The question whether either group is properly before the court has been raised and must be disposed of. We are of opinion that neither can be treated as a party. Both are unincorporated associations, and it is settled law that such a body is not a separate entity and cannot be a party to litigation. *Tyler* v. *Boot & Shoe Workers Union,* 285 Mass. 54, 55–56, and cases cited. The practice in Massachusetts has long been that in equity such associations may sue or be sued by a bill containing appropriate allegations that it is brought by or against certain named persons as fairly representative of all the members. *Pickett* v. *Walsh,* 192 Mass. 572, 590. *Reynolds* v. *Davis,* 198 Mass. 294, 301. *Herbst* v. *Fidelia Musical & Educational Corp.* 218 Mass. 174, 180. *Becker* v. *Calnan,* 313 Mass. 625, 632. *Donahue* v. *Kenney,* 327 Mass. 409, 412. See *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 266–267. But the present bill is not of that sort; it is framed not as a class bill but as one wherein an unincorporated association is attempting to sue another. Sometimes defects of this sort may be cured by amendment.

See *Pickett* v. *Walsh,* 192 Mass. 572, 590. But that course would not appear to be feasible here. There were no individual plaintiffs who could be treated under an appropriate amendment as having acted on behalf of the plaintiff group. And there is nothing to justify an inference that the two individual defendants represented the defendant group. We might add that no ground for relief against them has been shown. They are not mentioned in the report of the master; nor are there any admissions in the pleadings which would justify relief against them. Since, therefore, the bill cannot be maintained against either the defendant group or the individual defendants, it must be dismissed.

However, since the case has been heard below at considerable length, and counsel have argued the case on the merits in this court, it is appropriate that we should express our opinion briefly on those questions. See *Wellesley College* v. *Attorney General,* 313 Mass. 722, 731; *Massachusetts Charitable Mechanic Association* v. *Beede,* 320 Mass. 601, 609.

We are of opinion that on the findings of the master the plaintiff group has failed to show any basis for relief against the defendant group. The constitution of the society "was the compact which gave rights to individual members, and was the source and limit of the power of the association over its members." *McFadden* v. *Murphy,* 149 Mass. 341, 343. *Bacon* v. *Paradise,* 318 Mass. 649, 654. As stated above, the constitution provided that the society "cannot be attached to any parish." Contrary thereto, a pastor of a church in which a meeting of the society was held on June 15, 1947, announced that the society was a church society and those who were not members of his church could not remain. The latter adopted the only reasonable course that was open to them and withdrew. But in doing so they did not thereby, as the plaintiff group contends, secede from the society, and there is no basis for saying the plaintiff group alone now constitutes the society and is entitled to its records and assets as against the defendant group. Compare *McFadden* v. *Murphy,* 149 Mass. 341;

*Martin* v. *Smith*, 286 Mass. 227. In short, the plaintiff group has failed to establish matters essential to its case, namely, that the defendant group had ceased to be members of the society and was using its name and holding its records and assets without right to do so.

The decree is reversed and a new decree is to be entered dismissing the bill.

*So ordered.*