352 Mass. 579                                                            579

George R. Whitten, Jr., Inc. *v.* County Commissioners of Essex.

GEORGE R. WHITTEN, JR., INC. *vs.* COUNTY
COMMISSIONERS OF ESSEX & another.

Suffolk.    May 3, 1967. — June 5, 1967.

· Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Equity Pleading and Practice*, Appeal, Exceptions, Declaratory proceeding, Contempt proceeding. *Contempt.*

This court dismissed an appeal from an order of a court of equity denying a petition for contempt and considered the petitioner's exception to the order. [580]

Nothing in G. L. c. 231A, § 1, indicates that practice in suits in equity for declaratory relief should depart from the long standing equity practice to terminate suits by a final decree and not by an order for decree, and a contempt petition for failure of the defendant in such a suit to pay the plaintiff an amount to which the plaintiff was declared in the "Findings of Fact, Rulings of Law, and Order for Decree" to be entitled was rightly denied where no "Final Decree" had been entered in that suit. [580–581]

BILL IN EQUITY filed in the Superior Court on March 18, 1966.

A contempt petition filed by the plaintiff on August 4, 1966, was heard and denied by *Kalus, J.*

*John E. Lecomte* for the petitioner.

No argument or brief for the respondents.

WILKINS, C.J.    In this petition for contempt the respondents are the commissioners and the treasurer of Essex County. The petition arises out of a procedural question following a hearing of a bill in equity for a declaratory decree brought pursuant to G. L. c. 231A by Whitten (now the petitioner for contempt) against the commissioners and the

treasurer. The binding declaration which had been sought was as to the validity of a contract entered into by Whitten with the commissioners. In the equity suit a judge in the Superior Court caused to be entered "Findings of Fact, Rulings of Law, and Order for Decree," in which it was declared that the contract had been validly awarded, and that Whitten was entitled to be paid.

No "Final Decree" was entered. The sole issue is whether one is required by G. L. c. 231A, § 1. The judge ruled that because none was entered, the county treasurer could not be held in contempt for not paying the amount due under the contract. Whitten both excepted and appealed. We dismiss the appeal and consider the exceptions. *Treasurer of Worcester* v. *Department of Labor & Indus.* 327 Mass. 237, 239. *Elbaum* v. *Sullivan,* 344 Mass. 662, 665.

So far as material, G. L. c. 231A, § 1, provides: "The supreme judicial court, the superior court, the land court and the probate courts, within their respective jurisdictions, may on appropriate proceedings make binding declarations of right, duty, status and other legal relations . . . , either before or after a breach . . . in any case in which an actual controversy has arisen and is specifically set forth in the pleadings and whether any consequential judgment or relief is or could be claimed at law or in equity . . .; and *such proceeding shall not be open to objection on the ground that a merely declaratory judgment or decree is sought thereby and such declaration, when made, shall have the force and effect of a final judgment or decree and be reviewable as such . . .*" (italics supplied).

The issue has never been raised under G. L. c. 231A, § 1, which was first enacted by St. 1945, c. 582, § 1. Except for the period between the effective date of G. L. c. 231, §§ 96, 144, on January 1, 1921, and that of St. 1928, c. 306 (*Siciliano* v. *Barbuto,* 265 Mass. 390, 393–394), it has been our invariable practice to terminate equity suits by a final decree and not by an order for decree. *Graustein* v. *Dolan,* 282 Mass. 579, 583. *Fusaro* v. *Murray,* 300 Mass. 229,

230–231. *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 372. *Carilli* v. *Hersey,* 303 Mass. 82, 87. *Moodie* v. *Jenks,* 329 Mass. 332. *Maria Konopnicka Soc. of the Holy Trinity Polish Roman Catholic Church* v. *Maria Konopnicka Soc.* 331 Mass. 565, 566. *Galvin* v. *Bay State Harness Horse Racing & Breeding Assn. Inc.* 343 Mass. 520, 522.

We are of opinion that the language above quoted from G. L. c. 231A, § 1, was not intended to create an innovation in our long standing equity practice, which would be a surprise to the bar, but was spelled out to make clear that appellate review was open in a suit for declaratory relief. Adherence to normal procedure is especially appropriate in a case like the present where the moving party seeks to base an adjudication for contempt upon the alleged recalcitrancy of the respondents in not paying out public funds upon a novelty in equity practice.

*Appeal dismissed.*
*Exceptions overruled.*