CENTRAL WISCONSIN TRUST COMPANY, Appellant, vs.
INDUSTRIAL COMMISSION and another, Respondents.

*December 3, 1940—January 7, 1941.*

For the appellant there was a brief by *Bagley, Spohn, Ross & Stevens,* attorneys, and *Francis Lamb* of counsel, all of Madison, and oral argument by *Mr. Lamb.*

For the respondent Industrial Commission there was a brief by *Stanley Rector* and *Arthur Barber,* both of Madison, and oral argument by *Mr. Barber.*

FOWLER, J. This is an unemployment compensation case. The Industrial Commission awarded compensation. The circuit court affirmed the award. The employer appealed, claiming that the applicant was not its employee, but the employee of the estates of the trusts it was administering on which the employee was assigned to work by the Trust Company.

It is without dispute that the applicant was employed by the Trust Company; that the Trust Company directed his work; that he had worked for the company long enough to be within the act; that he lost his employment; and that if the applicant is considered as its employee, the Trust Company had employees sufficient in number to bring it under the Unemployment Compensation Act.

The applicant was paid by the hour. He kept his own time and at the end of a week was paid the wages earned. The Trust Company had many different trust estates which it was managing, and many of them owned buildings, which the Trust Company had to keep painted and in repair and the rooms of which let to tenants it had to keep painted or papered, and for which it had to furnish window-cleaning and janitor service. The applicant was a painter and paper hanger, and was assigned by the Trust Company to work on or in buildings managed by the company according to the needs of the buildings. The wages earned by the applicant and the tools used by him in his work were paid for by the Trust Company and charged to the particular trust which owned the building the applicant worked upon. He made out his bills to the Trust Company and was paid by check of the company on the mingled funds of the several trusts the company was managing. The check carried notations designating the trust and amounts chargeable to the trust or several trusts for which the work was done.

The case is one of first impression. The appellant cites no decisions in support of its position. It propounds two in-

quiries: (1) Was the applicant an employee of the plaintiff Trust Company in its corporate or generic capacity; and (2) Was the applicant an independent contractor?

The first contention is that under the definitions of the Unemployment Compensation Act, the act does not cover the instant situation. By sec. 108.02 (4), Stats. 1937, the term "employer" comprises every corporation, which is subject to ch. 108, Stats. 1935. By sec. 108.02 (5) (a), "employment" means any service performed by an individual for pay, under any contract of hire, express or implied, of service for pay; and each individual engaged by any employer to perform service for pay shall be treated as in an employment, unless and until the employer has satisfied the commission that such individual has been free from the employer's control or direction over the performance of his work, both under his contract of service, and in fact, and that the service is either outside the usual course of business of the enterprise or performed outside all the employer's places of business; and that the individual is customarily engaged in an independently established trade, business, profession, or occupation. By sec. 108.02 (3), "employee" means any individual who has been employed by an employer and in an employment both subject to ch. 108.

It is clear that the Trust Company is engaged in managing several estates and in taking over the management of several buildings. In so doing it attends to keeping them, and in case of office buildings and office rooms therein, in proper state of repair and decoration. The applicant was employed by the Trust Company for a sufficient period to bring him under the act, and lost his such employment. On these facts it seems to us that he was an employee of the Trust Company as distinguished from an employee of the owners of the several properties upon which he worked. The Trust Company was directly liable to him for his wages, it was in the business of managing properties, and it employed all the

persons who were engaged in servicing these several properties.

The Trust Company could, conceivably, escape corporate liability for unemployment compensation by specifically acting as agent for the owner of a particular building, specifically employ a worker for the owner of the building for work in or on that building and specifically stipulate that the worker should charge the owner of the building for his work and look solely to the owner for his compensation instead of to the Trust Company, although the company might, on presentation of the bill to it as agent, if so disposed, pay the bill with its own check on its intermingled funds, and recoup from the owner. But the instant case is devoid of any such limitations of the applicant's employment. The employment of the applicant was plainly general. The applicant was employed by the Trust Company and the company was directly liable for his compensation.

We are also of opinion that the applicant was an employee as distinguished from an independent contractor. No doubt the Trust Company could, conceivably, procure at least some kinds of work upon the buildings in its charge to be so contracted for as to make the person or concern doing the work an independent contractor. But such is not the situation here.

*By the Court.*—The judgment of the circuit court is affirmed.