MERRILL GRISWOLD & others, trustees, *vs.* DIRECTOR OF
THE DIVISION OF EMPLOYMENT SECURITY.

Suffolk.    November 8, 1943. — January 31, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Employment Security. Agency,* What constitutes. *Trust,* Business trust.
*Interest.*

Trustees of a Massachusetts business trust created by an agreement and
declaration, who by the terms thereof had legal title to the property of
the trust and power to manage it in their discretion without any control
by the shareholders or anyone else, were not employees of the trust or
of the shareholders, and the trust was not required by the unemploy-
ment compensation law, G. L. (Ter. Ed.) c. 151A, as amended, to make
payments into the unemployment compensation fund on their account.

By reason of the provisions of § 9 of St. 1941, c. 685, one entitled to a
refund of sums paid in 1937, 1938, and 1939 into the unemployment
compensation fund was entitled to recover, in an action brought before
the enactment of c. 685, interest at six per cent per year thereon after
the enactment of that statute.

CONTRACT. Writ in the Superior Court dated October
17, 1941.

The case was heard by *Cabot,* J.

*H. J. Greenblatt,* Assistant Attorney General, (*F. R.
Ducharme,* Assistant Attorney General, with him,) for the
defendant.

*E. W. Carr,* for the plaintiffs.

RONAN, J. This is an action of contract to recover con-
tributions amounting to $16,813.87 and interest paid under
the unemployment compensation law, so called, G. L. (Ter.
Ed.) c. 151A, upon the salaries received during 1937, 1938
and 1939 by five trustees from the Massachusetts Investors
Trust, a business trust created by an agreement and decla-
ration of trust. The action was submitted to the Superior
Court as a case stated. The judge, after finding for the
plaintiffs for the full amount claimed with interest, reported
the case to this court.

Our unemployment compensation law originated in St.

1935, c. 479, which, although enacted two days before the passage by Congress of the social security act (see U. S. C. [1940 ed.] Title 26, § 1400, et seq.) closely followed title IX of the act. Our statute was a counterpart of this congressional legislation and was designed to operate in conjunction therewith. Federal funds were allocated to the various States for the administration of the act, and an employer making contributions to the State system was entitled to be credited with the amount of these contributions up to ninety per cent of the Federal unemployment tax assessed upon him. Both the State and the Federal systems contain similar provisions in some of their essential features. Our unemployment compensation, or employment security law has been frequently revised and amended. St. 1936, c. 249. St. 1937, c. 421. St. 1941, c. 685. See also St. 1943, c. 534, c. 373. It has always contained definitions of employer and of employment, and has always contained a provision imposing an obligation upon an employer, with certain exceptions not now material, to pay into the unemployment compensation fund a prescribed percentage of the wages paid to his employees. *Howes Brothers Co.* v. *Unemployment Compensation Commission*, 296 Mass. 275. *Proprietors of the Cemetery of Mt. Auburn* v. *Unemployment Compensation Commission*, 301 Mass. 211. *Carmichael* v. *Southern Coal & Coke Co.* 301 U. S. 495. *Steward Machine Co.* v. *Davis*, 301 U. S. 548. *Helvering* v. *Davis*, 301 U. S. 619.

The obligation of an employer under our law to make these contributions to the unemployment fund is based upon the relation of employer and employee; and where, as here, there is nothing in our law indicating anything to the contrary, the existence of such a relationship must be determined by the principles of the common law. One of the essential tests is whether the person who is performing services for another is under the control and supervision of the latter and is bound to obey his instructions, not only as to the result to be accomplished but also as to the means and methods that are to be utilized in the performance of the work. If he is subject to such control and supervision, then he is an employee of the person for whom he is per-

forming the services. *Coughlan* v. *Cambridge,* 166 Mass. 268. *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236. *Wanders's Case,* 308 Mass. 157. *Bell* v. *Sawyer,* 313 Mass. 250. *Whitehouse* v. *Cities Service Oil Co., ante,* 108.

This test has been frequently applied in determining the liability of one to an unemployment tax, under title IX of the Federal social security act and under the different State unemployment compensation systems, on account of the payments made by him for services rendered to him by another. If the latter is not an employee, then no ground exists upon which the compensation tax or contributions may be exacted from the one who has received the benefit of such services. *Texas Co.* v. *Higgins,* 118 Fed. (2d) 636. *Indian Refining Co.* v. *Dallman,* 119 Fed. (2d) 417. *Yellow Cab Co. of D. C. Inc.* v. *Magruder,* 49 Fed. Sup. 605. *Crossett Lumber Co.* v. *McCain,* 205 Ark. 631. *Gentile Bros. Co.* v. *Florida Industrial Commission,* 151 Fla. 857. *Meredith Publishing Co.* v. *Iowa Employment Security Commission,* 232 Iowa, 666. *Bert Baker, Inc.* v. *Ryce,* 301 Mich. 84. *Hartwig-Dischinger Realty Co.* v. *Unemployment Compensation Commission,* 350 Mo. 690. *Hill Hotel Co.* v. *Kinney,* 138 Neb. 760. *Central Wisconsin Trust Co.* v. *Industrial Commission,* 236 Wis. 496.

The question is whether the trustees were employees of the trust, or of the holders of the transferable shares, or of anyone else connected with the trust. An examination of the provisions of the agreement and declaration of trust, which need not be set forth in detail, shows the creation not of a partnership but of a business trust. The trustees are not subject to any control of the shareholders. They have no superiors in the conduct of the business of the trust. They manage the affairs of the trust in accordance with the agreement and declaration of trust as they in their discretion and judgment deem appropriate. They are the masters and principals in the business of the trust. They have the legal title to the trust property and none other than the trustees can do any act that affects the rights or property of the trust. *Williams* v. *Milton,* 215 Mass. 1. *Minot* v. *Burroughs,* 223 Mass. 595. *Greco* v. *Hubbard,* 252 Mass. 37.

*Larson* v. *Sylvester,* 282 Mass. 352.   *Dolben* v. *Gleason,* 292 Mass. 511.   *Peterson* v. *Hopson,* 306 Mass. 597.

The trustees are not employees of such a trust.   Indeed, it was so decided in *United States* v. *Griswold,* 124 Fed. (2d) 599.   There the trust recovered the amounts exacted under title IX of the social security act upon the salaries paid to the trustees during the years 1936, 1937 and 1938.   We see no reason why the same result ought not to be reached in the instant case.   The question presented there was substantially similar to that presented here.   A similar situation was presented and the same conclusion granting relief to the taxpayer was reached under both the Federal and the State unemployment compensation systems, when it appeared that the persons in reference to whose compensation the taxpayer was required to pay the tax were not employees of the taxpayer.   *Radio City Music Hall Corp.* v. *United States,* 50 Fed. Sup. 329.   *Matter of Radio City Music Hall Corp.* 262 App. Div. (N. Y.) 593.

The remaining question is whether the trust is entitled to any interest on the amounts paid, or whether it was entitled to interest only up to October 24, 1941, the effective date of St. 1941, c. 685, in § 1 of which G. L. (Ter. Ed.) c. 151A, § 18, appears, providing that no interest shall be paid upon refunds, and that any judgment for refunds shall be paid by the director out of the clearing account.   The defendant makes no contention that under the law existing at the time of the payments the trust would not be entitled to interest if it was entitled to a refund, if the interest and penalty fund so called was sufficient to pay interest.   See G. L. (Ter. Ed.) c. 151A, § 8, as appearing in St. 1937, c. 421, § 1.   The statement of agreed facts shows that there are funds available to pay the total amount of the claim of the trust.   We do not think the fact that the former provision for the payment of interest out of the interest and penalty account has been superseded by a provision for the payment of refunds out of the clearing account is persuasive on the issue we are now considering.

We need not decide whether the trust had a vested right to recover interest prior to the enactment of St. 1941, c. 685,

see *Wilson* v. *Head,* 184 Mass. 515; *Cudlassi* v. *MacFarland,* 304 Mass. 612; *United States* v. *Magnolia Petroleum Co.* 276 U. S. 160; *Hind* v. *United States,* 41 Fed. (2d) 892; *People* v. *Lindheimer,* 371 Ill. 367, so that said c. 685 could not be applied retroactively to deprive it of all interest, *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1; *Pittsley* v. *David,* 298 Mass. 552, or applied to deprive it of interest for the period subsequent to its enactment, *Missouri & Arkansas Lumber & Mining Co.* v. *Greenwood District of Sebastian County,* 249 U. S. 170; *Duke Power Co.* v. *South Carolina Tax Commission,* 81 Fed. (2d) 513, certiorari denied, 298 U. S. 669, for we are of the opinion that the right of the trust to have interest at the rate of six per cent per year up to the time of judgment was preserved by § 9 of said c. 685. This section expressly saved all actions at law or in equity pending under c. 151A as it then existed "to the same extent as if said chapter [151A] as so in force were still in force and effect."

There was no error in ordering judgment for the plaintiffs. Judgment must be entered accordingly with interest.

*So ordered.*