TREASURER OF WORCESTER *vs.* DEPARTMENT OF LABOR AND INDUSTRIES & others.

Worcester.   January 30, 1951. — March 29, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Labor. Declaratory Judgment. Equity Jurisdiction,* Declaratory relief, Other remedy. *Constitutional Law,* Delegation of powers.

The appeal procedure provided by G. L. (Ter. Ed.) c. 149, § 9, is not an exclusive remedy in view of the provision of that section that it "shall not deprive any person of any other lawful remedy."

One affected by an order made by the commissioner of labor and industries under G. L. (Ter. Ed.) c. 149, § 148, last paragraph, as appearing in St. 1946, c. 414, respecting facilities for cashing wage checks or drafts was entitled to maintain a suit in equity under c. 231A, inserted by St. 1945, c. 582, § 1, for a declaratory decree as to the validity of the order without resorting to the procedure provided by § 9 of said c. 149.

The provision of G. L. (Ter. Ed.) c. 149, § 148, last paragraph, as appearing in St. 1946, c. 414, that "Any employer paying wages to an employee by check or draft shall provide for such employee such facilities for the cashing of such check or draft . . . without charge . . . as shall be deemed by the commissioner of labor and industries to be reasonable," is to be construed as authorizing the commissioner to act only prospectively to affect future conduct.

The provisions of G. L. (Ter. Ed.) c. 149, § 148, last paragraph, as appearing in St. 1946, c. 414, are not unconstitutional as an improper delegation of legislative power.

An order of the commissioner of labor and industries under G. L. (Ter. Ed.) c. 149, § 148, last paragraph, as appearing in St. 1946, c. 414, to the treasurer of a city, requiring "the providing of sufficient cash on the premises" of a hospital of the city to allow each of the employees at the hospital "to cash his or her check on the day on which it is received," was within the power granted the commissioner by the statute and was not unreasonable or arbitrary where it appeared that, although the treasurer had arranged to have the checks cashed without charge at the city hall and at banks located within one eighth of a mile thereof, there were no facilities for cashing the checks at the hospital, which was about one mile from the city hall and had one hundred ninety-seven employees paid weekly by check.

BILL IN EQUITY, filed in the Superior Court on June 30, 1949.

The case was heard by *O'Brien,* J.

In this court the case was submitted on briefs.

*A. M. Hillman, H. P. Grady,* & *M. R. McCann,* for the plaintiff.

*F. E. Kelly,* Attorney General, & *W. J. O'Neill,* Assistant Attorney General, for the defendants.

WILKINS, J.  The treasurer of the city of Worcester brings this bill in equity under the declaratory judgment statute, G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, against the department of labor and industries, the commissioner of the department of labor and industries, and three employees of Belmont Hospital, an institution operated by the city.  The bill seeks a binding declaration as to the validity of the following order issued by the defendant commissioner to the plaintiff under date of April 21, 1949: "This is to advise that, in the matter of the payment of wages of the employees of the city of Worcester in the Belmont Hospital by check, I deem reasonable facilities for the cashing of such checks to be the providing of sufficient cash on the premises of the Belmont Hospital to allow each said employee to cash his or her check on the day on which it is received."

The order purported to be under the authority of G. L. (Ter. Ed.) c. 149, § 148, the last paragraph, as amended by St. 1946, c. 414, reading as follows: "Any employer paying wages to an employee by check or draft shall provide for such employee such facilities for the cashing of such check or draft at a bank or elsewhere, without charge by deduction from the face amount thereof or otherwise, as shall be deemed by the commissioner of labor and industries to be reasonable.  The state treasurer may in his discretion in writing exempt himself and any other public officer from the provisions of this paragraph."

The case was submitted on agreed facts.  The judge filed his rulings in a paper entitled "Determinations and decision," in which he stated, "If the Superior Court has juris-

diction, I determine that the commissioner had authority to issue the order and that the city of Worcester and its treasurer are bound to comply with the order"; and ordered the bill dismissed for lack of jurisdiction on the ground that the plaintiff's exclusive remedy was under G. L. (Ter. Ed.) c. 149, § 9. The case is here on the plaintiff's appeal and exceptions. There was no final decree. Compare G. L. (Ter. Ed.) c. 214, § 25A. The appeal from the order for decree has no standing. *Fusaro* v. *Murray*, 300 Mass. 229, 230–231. *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 372. *Carilli* v. *Hersey*, 303 Mass. 82, 87. *Fields* v. *Othon*, 313 Mass. 115, 118. We consider the exceptions and dismiss the appeal. Compare *Wolbach* v. *Commissioner of Corporations & Taxation*, 268 Mass. 365, 372.

The statute relied upon by the judge in dismissing the bill reads: "Any person affected by an order, rule or regulation of the department may appeal to the associate commissioners . . . [who] shall thereupon give a hearing, and thereafter may amend, suspend or revoke such order, rule or regulation. . . . Any person aggrieved by an order approved by the associate commissioners may appeal to the superior court within fifteen days after the date of approval. The superior court may annul the order if it is found to exceed the authority of the department . . . .. This section shall not deprive any person of any other lawful remedy." G. L. (Ter. Ed.) c. 149, § 9.

The last sentence, preserving any other lawful remedy, is an express declaration that the statutory procedure is not exclusive and need not first be exhausted. This provision has no counterpart in the statutes giving rise to the cases relied upon by the department and by the commissioner. Such cases, therefore, are distinguishable. *Jordan Marsh Co.* v. *Labor Relations Commission*, 312 Mass. 597. *Flynn* v. *Board of Registration in Optometry*, 320 Mass. 29. *Kenworthy & Taylor, Inc.* v. *State Examiners of Electricians*, 320 Mass. 451, 454. *Saint Luke's Hospital* v. *Labor Relations Commission*, 320 Mass. 467. *Marshall* v. *Registrar of Motor Vehicles*, 324 Mass. 468. *Ullian* v. *Registrar of Motor Ve-*

*hicles*, 325 Mass. 197. The effect of the express preservation of any other lawful remedy is to leave available the declaratory judgment procedure where there is compliance with the requirements of G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1. See G. L. (Ter. Ed.) c. 151A, § 15 (c), inserted by St. 1941, c. 685, § 1, as appearing in St. 1943, c. 373; § 18, inserted by St. 1941, c. 685, § 1; *Griswold v. Director of the Division of Employment Security*, 315 Mass. 371, 374–375. It, accordingly, was error to dismiss the bill for lack of jurisdiction. *School Committee of Cambridge* v. *Superintendent of Schools of Cambridge*, 320 Mass. 516, 518. *Hogan* v. *Hogan*, 320 Mass. 658, 662. *Carlton Hotel, Inc.* v. *Abrams*, 322 Mass. 201, 202–203. *Booker* v. *Woburn*, 325 Mass. 334.

The city operates two hospitals within the city limits. At City Hospital, which is about five eighths of a mile from City Hall, the plaintiff pays the seven hundred employees in cash at the hospital premises every Friday. Belmont Hospital is about one mile from City Hall, and has one hundred ninety-seven employees who are paid weekly wages on Mondays by check at the hospital. There are no facilities at Belmont Hospital for cashing checks. The plaintiff, however, has made arrangements with all savings and commercial banks for the cashing of checks of Worcester city employees without charge. These banks are within one eighth of a mile of City Hall, which is in the center of the city. There are also facilities for cashing such checks at the City Hall. The bill states that the plaintiff has not complied with the order "on the ground that he has fully complied with the provisions" of G. L. (Ter. Ed.) c. 149, § 148, as amended, and on the ground that the order is beyond the scope of the powers conferred upon the commissioner by that section, and is unreasonable and arbitrary; and that the department and the commissioner are threatening to make criminal complaint against the plaintiff under G. L. (Ter. Ed.) c. 149, § 150.

The alternative determination of the judge was that the plaintiff is bound to comply with the order. This ruling was

right. Section 148, as amended, is not to be construed as authorizing the commissioner to determine retroactively that the facilities provided in a given case are unreasonable. That would be unconstitutional. *Druzik* v. *Board of Health of Haverhill,* 324 Mass. 129, 134. This section is rather to be given the more reasonable interpretation that the commissioner is to act prospectively to affect only future conduct, either by a general rule or regulation, or, as now before us, by an order applicable to a particular employer.

Nor is § 148, as amended, void as making an unreasonable delegation of legislative authority. The standard prescribed is one of reasonable service in providing cash for the payment of wages to employees. The transaction is a very common one. Both the object to be accomplished and the means of attaining that object are reasonably clear. It is hard to see how the Legislature could have been more definite and still have conferred upon the commissioner any latitude whatsoever. This is but another instance of the delegation to a board or officer of the working out of the details of a policy adopted by the Legislature. *Brodbine* v. *Revere,* 182 Mass. 598. *Commonwealth* v. *Sisson,* 189 Mass. 247. *Commonwealth* v. *Hudson,* 315 Mass. 335, 341–342. *Lynch* v. *Commissioner of Education,* 317 Mass. 73, 79–80. *Schaffer* v. *Leimberg,* 318 Mass. 396, 400. *Scannell* v. *State Ballot Law Commission,* 324 Mass. 494, 501–502. *Commonwealth* v. *Diaz,* 326 Mass. 525, 527. See *Opinion of the Justices,* 315 Mass. 761, 767–768. Cases of municipal ordinances lacking in sufficient particularity and furnishing no guide or standard to the repository of delegated authority are not in point. *Commonwealth* v. *Maletsky,* 203 Mass. 241. *Goldstein* v. *Conner,* 212 Mass. 57. *Commonwealth* v. *Atlas,* 244 Mass. 78.

Obviously the plaintiff has not complied with the statute when the requirements of the commissioner have not been met. Those requirements are plainly what the language of the statute empowered him to make. The order was not unreasonable or arbitrary. The other hospital operated

by the city is nearer to the center of the city, and its employees are paid in cash on the hospital premises.

The appeal is dismissed. The exceptions are sustained. The order for a decree dismissing the bill of complaint for want of jurisdiction is reversed, and a decree is to be entered declaring that the order of the commissioner of labor and industries is not invalid.

*So ordered.*