*Thomas H. Townsend,* Assistant District Attorney, for the Commonwealth.

---

Town of Saugus *vs.* Saugus Police Superior Officers Union. No. 04-P-1282. October 4, 2005. *Police,* Assignment of duties, Authority of police chief, Collective bargaining, Compensation. *Public Employment,* Collective bargaining, Police. *Labor,* Collective bargaining, Public employment, Arbitration. *Contract,* Collective bargaining contract. *Arbitration,* Police, Arbitrable question, Collective bargaining.

The Saugus Police Superior Officers Union (union) appeals from a judgment of the Superior Court vacating an arbitrator's award in favor of the union.

The collective bargaining agreement between the town of Saugus and the union provided that superior officers could be ordered to work involuntary overtime only in emergencies, as declared by the police chief. When the town meeting funded only thirteen superior officers instead of the sixteen sought by the chief, the chief issued a directive declaring that an emergency existed whenever a shift lacked a superior officer and that, failing a volunteer, he would resort to involuntary assignment. He had occasion to do so twelve times between November 19, 2003 (the date of the directive), and April 7, 2004 (the date an arbitrator heard the union grievance).

The arbitrator upheld the grievance, reasoning that a continuing, foreseeable situation did not constitute an "emergency" within the contract. He declined to rule on the town's contention that the assignment of officers was within the

---

exclusive managerial prerogative of the chief and, hence, not subject to being bargained away by the town, and not arbitrable.

The judge ruled favorably to the town's contention and vacated the award. The judge properly recognized the statutory provisions that control arbitrability: G. L. c. 150C, § 11 (*a*)(3), requiring the judge to vacate the award if the arbitrator exceeded his powers; and G. L. c. 150E, §§ 6 & 7, stating together that if "regulations" of a G. L. c. 41, § 97A, police chief conflict with a collective bargaining agreement on issues of wages, hours, standards or productivity and performance, as well as other terms and conditions of employment, the terms of the collective bargaining agreement shall prevail. The judge correctly ruled that this grievance was not arbitrable under our ruling in *Andover* v. *Andover Police Patrolmen's Union*, 45 Mass. App. Ct. 167 (1998), where we stated: "nothing in [G. L. c. 150E,] § 7(*d*)[,] purports to displace the general authority vested in a police chief by § 97A to order his officers to a mandatory overtime deployment when, in his judgment, the public safety so requires." *Id.* at 170.

The union would distinguish *Andover* on the ground that there the mandatory overtime was to address public safety threats resulting from specific events (two Independence Day celebrations and an Air Force band concert) whereas here the chief has declared prospectively that a shift lacking a superior officer constitutes an emergency and requires mandatory overtime if needed to supply one. That argument, and the arbitrator's decision upholding it, makes sense lexically; but in our view, as we held in *Andover*, the chief's determination as to the requirements of public safety prevails under the statutes. Whether his determination is made prospectively in the event that an enumerated situation occurs, or is made in response to an extant public safety threat, is immaterial to deciding the statutory allocation of authority.

*Judgment affirmed.*

*Neil Rossman* for the defendant.
*Norman Holtz* for the plaintiff.