# RESCRIPT OPINIONS.

Town of Saugus *vs.* Saugus Public Safety Dispatchers Union. No. 05-P-207. December 23, 2005. *Police,* Assignment of duties, Authority of police chief, Collective bargaining. *Public Employment,* Police, Collective bargaining. *Labor,* Collective bargaining, Public employment, Arbitration. *Contract,* Collective bargaining contract. *Arbitration,* Police, Arbitrable question, Collective bargaining.

In *Saugus* v. *Saugus Police Superior Officers Union,* 64 Mass. App. Ct. 916 (2005) (*Saugus I*), we recently confirmed that our holding in *Andover* v. *Andover Police Patrolmen's Union,* 45 Mass. App. Ct. 167 (1998) (*Andover*), renders nonarbitrable a grievance by police officers based on a police chief's directive requiring the officers to work overtime, if directed by the chief in circumstances where a shift lacked a superior officer and no officer volunteered to fill the void. The present case concerns a similar grievance, brought by Saugus Public Safety Dispatchers Union (union) in the same town against the same chief over a substantially similar directive; we accordingly affirm the judgment of the Superior Court vacating an arbitrator's award, based on the conclusion that the grievance was nonarbitrable.

The dispatchers work under the supervision of the police department and report to the police chief. They receive calls and dispatch police, fire, and emergency medical services. The police chief has decided that two dispatchers should be on duty at all times. If a dispatcher is absent from a shift, the police chief attempts to fill the vacancy with a volunteer (which may include a police officer). As in *Saugus I,* however, if no volunteer steps forward, the chief will require a dispatcher to work mandatory overtime to fill the vacancy.

The union filed a grievance challenging the requirement for mandatory overtime, and (as in *Saugus I*) an arbitrator upheld the grievance. A judge of the Superior Court vacated the arbitrator's ruling, based on his conclusion that the chief's decision to mandate overtime work was within his management prerogative.

On appeal, the union seeks to distinguish *Andover* and *Saugus I* on the ground that both involved uniformed officers rather than "civilian" dispatchers, and hence fell within the ambit of G. L. c. 41, § 97A (the so-called "strong chief" statute).[1] However, the exclusion from arbitrability of matters of management prerogative does not derive from the strong chief statute, nor does it apply only to police officer employees. See, e.g., *Lynn* v. *Labor Relations Commn.,* 43 Mass. App. Ct. 172, 177-184 (1997). The protection of a

---

[1] Our view of the case does not require us to comment on whether the chief's authority over the dispatchers comes within G. L. c. 41, § 97A.

public employer's management prerogative is particularly strong where, as here, the prerogative concerns policy judgments in the allocation and deployment of law enforcement resources. See *Worcester* v. *Labor Relations Commn.,* 438 Mass. 177, 182-183 (2002). Moreover, our conclusion in *Andover* rested less on G. L. c. 41, § 97A, than on the general managerial authority vested in police chiefs over employees under their supervision where matters of public safety are concerned. See *Andover, supra* at 169-170 & n.7.[2] We accordingly conclude that the status of the members of the defendant union as dispatchers rather than uniformed police officers does not take the present case outside the holding of *Andover, supra,* and *Saugus I, supra.*

*Judgment affirmed.*

*Neil Rossman* for the defendant.
*Eugene J. Sullivan, III,* for the plaintiff.

---

[2]*Andover, supra* at 169, similarly rejected the notion that *Boston* v. *Boston Police Patrolmen's Assn.,* 41 Mass. App. Ct. 269 (1996), was distinguishable because that case rested on a special act, St. 1906, c. 291, § 11, as amended by St. 1962, c. 322, § 1.
[1]Town of Stoughton.