## Town of Duxbury *vs.* Cully Rossi & others.[1]

No. 06-P-88.

Plymouth. November 8, 2006. - May 15, 2007.

Present: Perretta, Cowin, & Mills, JJ.

*Municipal Corporations,* Police, Collective bargaining. *Police,* Injury on duty. *Public Employment,* Police, Sick leave benefits, Collective bargaining. *Arbitration,* Police, Collective bargaining, Confirmation of award, Scope of arbitration. *Public Policy. Res Judicata. Collateral Estoppel. Estoppel.*

In determining that the plaintiff town had unlawfully denied to the defendant, one of the town's police officers, payment of benefits for an injury incurred on duty, an arbitrator did not exceed the scope of the parties' reference, where the parties had clearly authorized the arbitrator to rule on whether the town had properly denied the officer benefits under G. L. c. 41, § 111F, and to determine a remedy in the event that the arbitrator concluded that such benefits unlawfully had been withheld, and where the applicable collective bargaining agreement provided for arbitration of a dispute of this nature; moreover, the arbitrator's determination did not conflict with the management prerogative of the town's chief of police to deploy officers, the arbitrator did not award the officer benefits for a period longer than called for under § 111F, and the officer's entitlement to benefits after a certain date was presented at the arbitration. [62-64]

An arbitrator's determination that the plaintiff town had unlawfully denied to the defendant, one of the town's police officers, payment of benefits for an injury incurred on duty did not violate any "well defined and dominant" public policy, where the officer's work-related stress-caused hypertension satisfied the statutory criteria for receipt of benefits under G. L. c. 41, § 111F, and where the decision did not reward the officer for insubordination and interference with managerial control of police operations. [64-66]

Principles of res judicata and collateral estoppel did not apply to an action to confirm an arbitrator's award, where the question presented in a declaratory judgment proceeding (adjudicated after the rendering of the arbitration decision, but prior to its confirmation) was not the same as the question referred to arbitration previously. [66-67]

Civil action commenced in the Superior Court Department on October 19, 2004.

[1]Duxbury Police Union and Board of Conciliation and Arbitration.

The case was heard by *Robert C. Rufo*, J., on motions for summary judgment.

*Robert S. Troy* for the plaintiff.

*Gerald S. McAuliffe* for Duxbury Police Union.

*Stephen C. Pfaff* for Cully Rossi.

Cowin, J. The plaintiff, town of Duxbury (town), appeals from a judgment of the Superior Court that dismissed the town's complaint seeking relief from an adverse arbitration award and that confirmed the award. In that award, the arbitrator determined that the town had unlawfully denied payment to the defendant, Cully Rossi, a town police officer, of benefits for injury on duty in accordance with G. L. c. 41, § 111F, and ordered that those benefits be paid until Rossi was deemed fit to return to duty under the provisions of an applicable collective bargaining agreement (CBA). The town contends that the arbitrator exceeded the scope of the reference; the award violates public policy; and the award is barred by principles of res judicata and collateral estoppel. We affirm.

*Background.* The material facts are not disputed. Rossi was a police officer employed by the town who had a medical history of stress-induced hypertension. Informed that he was scheduled to work a particular shift on December 26, 2002, he requested permission to swap shifts with another officer, but his request was denied. This precipitated an argument between Rossi and his supervisor. Rossi left the police station, went to a fire station, reported feeling odd, and asked a technician to check his blood pressure. His blood pressure was significantly elevated, and he continued on to a hospital where he was admitted overnight for observation. His physician diagnosed his condition as a recurrence of stress-induced hypertension and recommended that Rossi not return to work until his "medical issues are under control." Rossi requested that he be placed on leave, the request was denied, and Rossi's union filed a grievance on his behalf.

At the request of the town police chief, Rossi was examined at various times by the town's physician, Dr. Robert P. Naparstek. On January 14, 2003, Dr. Naparstek reported that Rossi's symptoms were precipitated at work and that he should not report back for whatever period of time his own physician

thought was necessary. On January 30, 2003, Dr. Naparstek stated that Rossi's hypertension "is a manifestation of the job related stress . . . [and he] ought not to return to work . . . until the cause of the job related stress is further investigated and resolved." Finally, on March 13, 2003, Dr. Naparstek reiterated his view that Rossi's hypertension had its source in job related stress, stating further: "[T]here is not a medical reason preventing Mr. Rossi from returning to full duty. A process for relieving his work related stress must be at least underway prior to Mr. Rossi's return to work."

Apparently buoyed by Dr. Naparstek's statement that no medical reason precluded Rossi's return to full duty, the town manager, on March 14, 2003, ruled that Rossi was not eligible for benefits under G. L. c. 41, § 111F, and denied his grievance.[2] General Laws c. 41, § 111F, as appearing in St. 1964, c. 149, provides in relevant part that "[w]henever a police officer . . . of a . . . town . . . is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, . . . he shall be granted leave without loss of pay for the period of such incapacity." A claimant is entitled to benefits only until a physician designated by the town "determines that such incapacity no longer exists." Pursuant to the CBA, Rossi demanded arbitration. The matter was submitted on a stipulated issue, specifically: "Did the Town of Duxbury properly deny Officer Cully Rossi Chapter 41, Section 111F benefits on March 14, 2003? If not, what shall be the remedy?" As indicated, the arbitrator found in Rossi's favor, and a judge of the Superior Court confirmed the award.

*Discussion.* Because arbitration is a product of the parties' agreement to be bound by the decision of a nonjudicial neutral arbitrator, "[a] matter submitted to arbitration is subject to a

---

[2]After the town manager's ruling, the town's police chief ordered that Rossi be examined again, this time by a neutral physician. The examination took place, and the neutral physician (Dr. Leslie) diagnosed Rossi's condition as "hypertension exacerbated by stress." She recommended that "[w]hat needs to be addressed is the conflict with his superior," and stated that "[a]fter this interpersonal conflict is addressed, Mr. Rossi should be able to work full time with no physical restrictions." Thus, the view of the neutral physician essentially reflected that of both Rossi's physician and the physician selected by the town.

very narrow scope of review. Absent fraud, errors of law or fact are not sufficient grounds to set aside an award." *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990), citing *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.*, 363 Mass. 386, 390 (1973). Our review is "strictly bound by [the] arbitrator's findings and legal conclusions, even if they appear erroneous, inconsistent, or unsupported by the record at the arbitration hearing." *Lynn* v. *Thompson*, 435 Mass. 54, 61 (2001), cert. denied, 534 U.S. 1131 (2002). Because this arbitration took place pursuant to the provisions of a public employer-public employee CBA, "binding arbitration hereunder shall be enforceable under the provisions of chapter one hundred and fifty C." G. L. c. 150E, § 8, inserted by St. 1078, § 2. Thus, courts may not vacate such an arbitration award except in the "severely limited" circumstances set forth in G. L. c. 150C, § 11. *Boston* v. *Boston Police Patrolmen's Assn.*, 443 Mass. 813, 818 (2005).

1. *Scope of the reference.* The town argues that the arbitrator's award in favor of Rossi exceeded the scope of the parties' reference. See G. L. c. 150C, § 11(*a*), inserted by St. 1959, c. 546, § 1 ("Upon application of a party, the superior court shall vacate an award if: . . . (3) the arbitrators exceeded their powers . . ."). "An arbitrator exceeds his authority by granting relief beyond the scope of the arbitration agreement, . . . by awarding relief beyond that to which the parties bound themselves, . . . or by awarding relief prohibited by law." *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. at 1007. "An arbitrator exceeds his powers if the parties to the agreement never gave the arbitrator the power to make the award he made." *Leominster* v. *International Bhd. of Police Officers, Local 338*, 33 Mass. App. Ct. 121, 124 (1992).

In the present case, however, the parties clearly authorized the arbitrator to rule on whether the town "properly [denied] Officer Cully Rossi Chapter 41, Section 111F benefits," and to determine a remedy in the event he concluded that such benefits had been unlawfully withheld. The applicable CBA provided for arbitration of a dispute of this nature, and the parties submitted the question to the arbitrator for resolution. See *School Comm. of Cambridge* v. *LaChance*, 3 Mass. App. Ct. 710 (1975). The

question necessarily required the arbitrator to determine whether Rossi was factually and legally entitled to benefits under G. L. c. 41, § 111F, and he did so. The result would not be "subject to court interference" even if it were plainly wrong. *Lynn* v. *Thompson*, 435 Mass. at 62, quoting from *Delta Air Lines, Inc.* v. *Air Line Pilots Assn., Intl.*, 861 F.2d 665, 670 (11th Cir. 1988), cert. denied, 493 U.S. 871 (1989).[3]

The town asserts that the arbitrator lacked jurisdiction to render the award because it conflicts with the management prerogative of the chief of police to deploy officers in accordance with public safety requirements. See *Saugus* v. *Saugus Police Superior Officers Union*, 64 Mass. App. Ct. 916, 917 (2005). The proposition is answered both by the statute and by the CBA. By means of G. L. c. 41, § 111F, the Legislature has provided that a police officer "incapacitated for duty because of injury sustained in the performance of his duty without fault of his own . . . shall be granted leave without loss of pay for the period of such incapacity." Thus, to the extent that such a leave of absence theoretically might interfere with the town's ability to respond to public safety requirements, as opposed merely to bringing about an increase in the town's overtime expense to replace the incapacitated officer, the Legislature presumably has contemplated the possibility and has determined that it can be tolerated. Because the statute invites factual disputes regarding the existence and cause of an incapacity, duration of the incapacity, and assignment of fault, a system for the resolution of such disputes is necessary. There is no reason of public policy why these disputes should not be decided by arbitration, and the parties here have so provided in the CBA.

The town argues next that the arbitrator exceeded his authority because he awarded Rossi benefits for a period longer than called for under G. L. c. 41, § 111F. That is so, the argument

---

[3]We observe that the arbitrator's decision here is far from plainly wrong. The medical evidence supports a finding that Rossi suffered from work-related hypertension and that he should not return to work unless and until efforts were underway to resolve the underlying conflicts. A ruling that Rossi was therefore eligible for § 111F benefits during the period that he was legitimately out of work by virtue of his work-related hypertension logically followed. See *Blair* v. *Selectmen of Brookline*, 24 Mass. App. Ct. 261, 264 (1987).

continues, because the statute requires that benefits terminate when a physician designated by the town determines that such incapacity no longer exists. The town's position in this regard conflicts with the arbitrator's finding that the town's physician (Dr. Naparstek) did not conclude that Rossi's incapacity had ended by March 13, 2003. As we have indicated, that finding cannot be subject to judicial review. *Lynn* v. *Thompson,* 435 Mass. at 61. The town seeks to impose on the arbitrator a kind of sufficiency of the evidence test that is foreign to the concept of arbitration.[4] If the town is concerned by a possible conflict between § 111F and more lenient provisions of the CBA, the Legislature has stated expressly that the provisions of the CBA control. See G. L. c. 150E, § 7(*d*)(*e*); *Duxbury* v. *Duxbury Permanent Firefighters Assn., Local 2167,* 50 Mass. App. Ct. 461, 466 (2000).

The town's last asserted ground for its claim that the arbitrator exceeded his authority is that Rossi's entitlement, if any, to benefits after March 14, 2003, was not presented at the arbitration. We fail to understand in what way the question was not presented by a reference that asked whether the town had properly denied Rossi § 111F benefits and "[i]f not, what shall be the remedy?" Having concluded that the town's action was improper, the arbitrator was empowered to grant relief and did so by ruling logically that Rossi should receive benefits until the CBA provided for their termination.

2. *Public policy.* The town argues that the arbitrator's award not only exceeded the scope of the reference (see part 1, *supra*), but also violated a "well defined and dominant" public policy. *Massachusetts Hy. Dept.* v. *American Fedn. of State, County & Mun. Employees, Council 93,* 420 Mass. 13, 16 (1995), quoting from *W.R. Grace & Co.* v. *Local Union 759, Intl. Union of United Rubber, Cork, Linoleum & Plastic Wkrs.,* 461 U.S. 757, 766 (1983). The town identifies two respects in which a public policy violation has occurred, specifically: (a) the employee did not satisfy the statutory criteria for the receipt of benefits; and (b) the decision permits the employee to be rewarded for his

---

[4]In any event, a fair reading of Dr. Naparstek's letter of March 13, 2003, shows that he believed that Rossi should not return to work until the underlying causes of his hypertension are addressed.

insubordination and interference with managerial control of police operations. Each contention is based on assumptions that the facts found by the arbitrator are not the facts and that the arbitrator's consequent application of the statute is subject to judicial review. Furthermore, the town relies on "general considerations of supposed public interests," *ibid.*, that have never warranted the vacating of an arbitration award on public policy grounds.

To avoid "undermin[ing] the predictability, certainty, and effectiveness of the arbitral forum that has been voluntarily chosen by the parties," *Marino* v. *Tagaris*, 395 Mass. 397, 400 (1985), we exercise considerable caution in deciding whether to vacate an arbitration award on public policy grounds. See *Bureau of Special Investigations* v. *Coalition of Pub. Safety*, 430 Mass. 601, 604 (2000). The public policy in question "must be well defined and dominant," *Massachusetts Hy. Dept.* v. *American Fedn. of State, County & Mun. Employees, Council 93, supra*, and is to be ascertained "by reference to the laws and legal precedents and not from general considerations of supposed public interests." *Duxbury* v. *Duxbury Permanent Firefighters Assn., Local 2167*, 50 Mass. App. Ct. at 466, quoting from *W.R. Grace & Co.* v. *Local Union 759, Intl. Union of United Rubber, Cork, Linoleum & Plastic Wkrs.*, 461 U.S. at 766.

The town's first public policy objection is predicated upon its disagreement with the arbitrator on his fact finding. Thus, the town denies that Rossi's work-related stress-caused hypertension is a legally cognizable "injury" under the statute. This is not only inconsistent with the arbitrator's findings, which are binding, but also incorrect as a proposition of law. See *Blair* v. *Selectmen of Brookline*, 24 Mass. App. Ct. 261, 264 (1987). The town challenges as well the findings that Rossi was "on duty" at the time of his injury and that he was "without fault" in the incident. These findings are not open to question on this record. Given the findings, the statutory requirements are satisfied, and any public policy argument based on an assertion that the statute has been violated of necessity fails.

The town's other public policy argument relies on *Boston* v. *Boston Police Patrolmen's Assn.*, 443 Mass. 813, 818-819 (2005), a case involving a disputed reinstatement of a police

officer. There, it was held that an arbitrator's order of reinstatement violated public policy where the arbitrator had found that the officer in question "falsely arrested two individuals on misdemeanor and felony charges, lied in sworn testimony and over a period of two years about his official conduct, and knowingly and intentionally squandered the resources of the criminal justice system on false pretexts." *Id.* at 819. The town attempts to equate the present case by essentially disregarding the arbitrator's findings in Rossi's favor and characterizing Rossi's behavior as a critical refusal to comply with his sworn duty in a manner that jeopardized the municipality's public safety interests. The arbitrator found otherwise, noting that no disciplinary action against Rossi was ever taken. In light of the findings, Rossi's behavior has no bearing on his rights under § 111F and does not implicate the public policy exception.

3. *Res judicata and collateral estoppel.* In the spring of 2005, several months after the rendering of the arbitration decision, the town ordered that Rossi be examined again by two physicians. After each physician concluded that Rossi could return to full-time duty without restriction, he was ordered to return to work in an unrestricted capacity on April 14, 2005. Rossi thereupon commenced a new civil action in the Superior Court seeking a declaratory judgment and injunctive relief, claiming that, by ordering him to return to full-time duty, the town had violated the arbitrator's award and the CBA. He contended that, because the arbitrator had awarded him benefits until he is "deemed fit to return to duty under the provisions of Article XIX of the [CBA]," the town had violated the award because it failed to comply with the requirement of Article XIX, section 5,[5] that his ability to return to "light duty" be determined by a neutral physician. On May 2, 2005, a judge rejected his contention, concluding that Article XIX, section 5, was inapplicable to full-time duty without restrictions and that the town could lawfully terminate Rossi's § 111F benefits on

---

[5]Section 5 of Article XIX pertains to light duty and provides that the town "may" require the officer injured on the job to return to light duty if the town's physician determines that the officer is able to do so. If the officer's personal physician does not agree with the assessment, a neutral physician must be appointed.

the strength of the opinions of its own physicians that Rossi was able to return to unrestricted duty.

The earlier arbitration award was not confirmed until October 25, 2005. The town seizes upon the decision in Rossi's declaratory judgment action to argue that the determination that the town could lawfully terminate § 111F benefits without regard to Article XIX of the CBA rendered untenable the arbitrator's order that benefits be continued until "[Rossi] is deemed fit to return to duty under the provisions of Article XIX of the [CBA]." The town couches its argument in terms of res judicata, see *Wright Mach. Corp.* v. *Seaman-Andwall Corp.*, 364 Mass. 683, 688 (1974) (final judgment has binding effect on same claim), and collateral estoppel, see *Heacock* v. *Heacock*, 402 Mass. 21, 23 (1988) (further litigation precluded where issue that was or should have been litigated arises in later action between same parties).

The short answer to the town's contention is that the question before the judge in Rossi's declaratory judgment proceeding was not the same as the question referred to the arbitrator two years earlier. Even assuming that the arbitration was a "subsequent" proceeding because of the fortuity that judgment on the award was not entered until the declaratory judgment proceeding had concluded, the decision makers were called on to address entirely different issues. The arbitrator determined that, as of March 14, 2003, Rossi was eligible for § 111F benefits and should receive them until he became ineligible under Article XIX of the CBA. The judge in the declaratory judgment case, addressing the situation that existed two years later, ruled that the town's actions *at that time* were not precluded by the CBA and were legally permissible. We see no similarity between the questions presented and no inconsistency in the decisions rendered. The principles of res judicata and collateral estoppel have no application here.

*Judgment affirmed.*