Connolly, Thomas E., J.
Pursuant to Mass.R.Civ.P. 12(c) and Massachusetts Superior Court Standing Order 1-96, §4, the plaintiff, William Devereaux, brought a motion for judgment on the pleadings, asking the court to rule that the defendants, Colonel of the Massachusetts State Police Mark Delaney and the Department of State Police (collectively, the “defendants”), should be obligated to pay his medical bills, including but not limited to his medical bills incurred as a result of his emotional injuries and trauma, under G.L.c. 22C, §16. For the reasons that follow, the Plaintiffs Motion for Judgment on the Pleadings is ALLOWED.
BACKGROUND
A review of the complaint, the administrative record, and the motion papers submitted by the parties reveals the following.
At all times relevant to this case, Devereaux was an officer with the Massachusetts State Police, holding the rank of sergeant. He has been an officer with the Massachusetts State Police since 1986.
In February of 2004, he was transferred, contrary to his requests, from the Violent Fugitive Arrest Squad into the Division of Field Services and assigned to Troop C Headquarters as a patrol supervisor. On April 18, 2004, Devereaux was transferred again, against his wishes, to the Belchertown barracks. Over the next one and one-half years, Devereaux made numerous requests to be transferred either to the Charlton barracks or to the Troop C Headquarters. Both of Devereaux’s requests were denied with other, less-senior officers receiving those posts. When Devereaux realized that his transfer requests would not be granted, he rescinded his request and notified his superiors that he wished to remain in Belchertown.
On February 14, 2006, Devereaux was informed by his superiors that he would be transferred to the Leominster barracks. After receiving the call, Lieutenant Herbert E. Brown observed that Devereaux “began exhibiting signs of stress.” When questioned by Lieutenant Brown, Devereaux stated that he was stressed due to his impending transfer out of the Belchertown barracks. The following day, Devereaux called in sick to work. He stated that the reason he called in sick was that he was experiencing sleeplessness, extreme fatigue, neck and back pain, nausea, heart palpitations, and a headache.
On February 16, 2007, Devereaux returned to work but told his superiors that he had not slept for forty-nine hours. The next day, he was evaluated by Andrew F. Morring, P.A.-C.,[2] who diagnosed him with having anxiety associated with insomnia. At the time of that appointment, Devereaux had not slept for seventy-seven hours and his blood pressure was 144/100. He was prescribed Ativan to assist with sleeping, and advised to follow up with a psychologist and to return in one to two weeks.
On February 24, 2006, Devereaux returned to the doctor’s office. At that time, he was “still very anxious” and unable to sleep for more than one hour at a time, even while taking Ativan. He was diagnosed with having “insomnia/anxiety due to [his] work situation,” prescribed trazodone, advised to continue counseling and remaining out of work, and instructed to return in one week. Dr. Morring next saw Devereaux on March 10, 2006, when he was diagnosed as having an “anxiety/stress reaction due to [his] work situation,” and advised to continue the previous course of treatment.
Over the next two or three months, Devereaux was treated for “physical symptoms caused by job related stress.” He remained out of work using sick leave though March 23, 2006, due to his condition. On March 23, 2006, Devereaux was deemed medically fit to return to duty by the State Police Surgeon, Dr. Brian Morris.
On March 6, 2006, Devereaux submitted his Notification of Injury in a letter to Major Martha Catalano, along with a Notice of Injury and Statement in Support of Claim. In his submissions, Devereaux described his injury as “Acute Stress Disorder with accompanying physical reactions,” which were “brought about as a direct result of employment actions.” On April 11, 2006, the Board on Claims (“Board”) disapproved Devereaux’s Claim for Injury. The reason stated by the Board was that it had “determined that [Devereaux] did not sustain an injury pursuant to M.G.L.c. 22C, §16.” Devereaux timely filed his request before the Colonel relative to the Board’s denial of his claim. On June 15, 2006, a hearing was held pursuant to G.L.c. 22C, §43, in front of the Colonel’s designee, Lieutenant Colonel John P. Caulfield. At that hearing, counsel for Devereaux indicated that his claim was based on stress resulting from the transfer, and that his injury is the physical manifestation of symptoms of stress. A member of the Board, Major Laura Beurman-ElliSon, stated that the Board considers “stress an illness rather than an injury.” Following the hearing, on June 21, 2006, Lieutenant Colonel Caulfield, acting as the Colonel’s designee, recommended that the Board’s denial be affirmed. Colonel Delaney approved Lieutenant Colonel Caulfield’s recommendation and upheld the Board’s denial of Devereaux’s claim. Pursuant to G.L.c. 22C, §43, Devereaux timely filed this Petition for Judicial Review.
Regulation 8.0 of the State Police is titled “Regulations Establishing the Board on Claims.” Regulation 8.1 states: “Under the authority granted by M.G.L.c. 22C, there is established within the Massachusetts State Police a Board on Claims for physical injuries.” *597 See Addendum to Defendants’ Opposition to Plaintiff s Motion for Judgment on the Pleadings. Regulation 8.1.5 states: “The members of the Board on Claims shall review all appropriate and available information relating to any claim of physical injuiy alleged by a member or trainee to have occurred in the line of duty.”
DISCUSSION
I. Standard of Review
A motion for judgment on the pleadings under Mass.R.Civ.P. 12(c) is the appropriate method for deciding cases appealing administrative rulings. Massachusetts Superior Court Standing Order 1-96, §4. Devereaux brings this Petition for Judicial Review pursuant to G.L.c. 22C, §43, and G.L.c. 231A, §1. General Laws Chapter 22C, section 43, states in relevant part: “Any person aggrieved by an order approved by the colonel may appeal to the superior court . . . The superior court shall have jurisdiction in equity upon such appeal to annul such order if found to exceed the authority of the department . . . Nothing herein contained shall be construed to deprive any person of the right to pursue any other lawful remedy.” G.L.c. 22C, §43.
The last clause of G.L.c. 22C, §43, has been interpreted by the court (in the context of a different statute) to allow a claimant to bring an action for declaratory relief under G.L.c. 231 A, §1. See Treasurer of the City of Worcester v. Dep’t of Labor and Indus., 327 Mass. 237, 239-40 (1951). The court sees no distinction between Treasurer of the City of Worcester and the case at bar; therefore, it is proper for Devereaux to bring an action under both G.L.c. 22C, §43, and G.L.c. 231A, §1. General Laws c. 231A, §1 permits the court to make binding declarations of right where, as here, there is an actual controversy between the parties. The court will issue a declaratory judgment as to whether the defendants must pay the bills submitted by Devereaux.
Pursuant to the relevant portion of G.L.c. 30A, §14 and as argued by Devereaux, the standard of review to be used for the claim based on G.L.c. 22C, §43, is whether the agency’s decision was based on an error of law, whether there was substantial evidence to support the conclusion reached by the agency, and whether the agency action was arbitrary and capricious.[3] G.L.c. 30A, §14; Caswell v. Licensing Comm’n for Brockton, 387 Mass. 864 (1983).
II. General Laws c. 22C, §16
The Colonel received the authority to pay for injuries of state police officers from G.L.c. 22C, §16. General Laws c. 22C, § 16 states that “The colonel may authorize the payment... of the reasonable hospital, medical and surgical expenses incurred by any trainee or officer of the department when temporarily or permanently disabled by reason of injuries sustained while in the course of his employment without serious and willful misconduct by such trainee or officer . . .” G.L.c. 22C, §16. Here, the Colonel relies on Regulation 8.0, 8.1, and 8.1.5. Regulation 8.1 and 8.1.5 refer to the Board making decisions as to “physical injuries” alleged. These regulations, the defendants argue, provide the basis for their decision that an officer may only be compensated for physical injuries.[4]
The court has previously interpreted the meaning of “injuries” in a very similar statute. General Laws c. 41, § 11 IF states, in pertinent part: “whenever a police officer ... of a town ... is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own ... he shall be granted leave without loss of pay for the period of such incapacity.” G.L.c. 41, §11 IF. In Blair v. Bd. of Selectmen of Brookline, 24 Mass.App.Ct. 261 (1987), and Town of Duxbury v. Rossi, 69 Mass.App.Ct. 59 (2007), the Appeals Court held and reiterated, respectively, that the term “injuiy” encompassed hypertension brought about due to on-the-job stress. In an analogous situation to Devereaux’s, in Rossi, the claimant had sought to switch shifts with another officer but his request was denied, causing Rossi’s stress-induced hypertension to reappear. Rossi, 69 Mass.App.Ct. at 60. Under Rossi, illnesses brought about due to stress caused by an administrative matter were noted to be included in the definition of “injuiy.” This court can see no reason why the term “injuries” should be defined and dealt with differently under two similar statutes which were intended to accomplish the same result, namely the payment of police officers’ medical bills for injuries “sustained in the performance of [their duties.]” Therefore, it was an error of law for the Colonel to have limited the definition of “injuries” to only include physical injuries.
The Legislature certainly did not restrict the payment of medical bills incurred by the State Police in the line of duty to solely physical injuries. In substance, the defendants, by their self-imposed regulation restricting payment of medical bills to physical injuries only, acted arbitrarily and capriciously, that is, for no good reason at all, depriving the injured State Trooper of payment of his medical bills for his emotional injuries.
An agency decision or regulation is arbitrary and capricious when it is lacking a rational basis. Sierra Club v. Comm’r of the Dep’t of Envtl. Mgmt., 439 Mass. 738, 748 (2003). That is, there must be a “rational relation between the regulation and the empowering statute” in order for the regulation’s validity to be upheld. White Dove, Inc. v. Dir. of Div. of Marine Fisheries, 380 Mass. 471, 477 (1980). The defendants argue that its decision to deny the plaintiff s claim due to emotional injuries is not arbitraiy and capricious “because it is consistent with both the Department’s internal rules and regulations and past practices.” (Defendants’ Opposition to Plaintiffs Motion, p. 9.) Basically, the defendants argue that this is what we have always done and the procedure that we have *598 always followed. However, just because it is a practice set out in the limiting regulations and what the Department has always done, does not in any way change that the defendants’ practices, as it affects the plaintiff in this case, is still arbitrary and capricious. “A decision is arbitrary and capricious when it lacks any rational explanation that reasonable persons might support.” Cambridge v. Civil Serv. Comm’n, 43 Mass.App.Ct. 300, 303 (1997). Here, the defendants have no rational explanation for its restriction on the payment of a State Trooper’s medical bills for emotional illness incurred in the line of duty. The court rules that the State Police’s regulations and practices restricting payment for medical bills to only physical injuries sustained is arbitrary and capricious.
The defendants argue that the Workers’ Compensation statute’s definition of “personal injury” supports the proposition that “injury” does not include mental or emotional disabilities “arising principally out of a bona fide, personnel action including a transfer . . .”[5] G.L.c. 152, §1(7A). However, neither G.L.c. 22C nor G.L.c. 41, §11 IF contain a similar limiting clause. In that regard, G.L.c. 22C is more similar to G.L.c. 41, §11 IF — the statute that has been interpreted as including stress-induced hypertension.
Based on the evidence, it is undisputed that Devereaux did sustain an injury, as defined by the court. Therefore, the court holds that the Colonel must authorize the payment to Devereaux of all medical bills, including those related to emotional injury, that were presented to the Board and Colonel.
Assuming arguendo that it was within the discretion of the Colonel to decide that he will only pay for “physical injury," the court would hold that the decision by the Colonel was arbitrary and capricious, as there was undisputed evidence that Devereaux suffered some physical injury on account of his employment. See Rossi, 69 Mass.App.Ct. at 60. One reason stated by the Board for denying Devereaux’s claim was that “stress is an illness rather than an injury.” Here, clearly there was evidence presented to the Board that Devereaux suffered from more than “stress”; indeed, stress had caused a physical reaction — insomnia, extreme fatigue, neck and back pain, nausea, heart palpitations, and a headache. There was no evidence to support a finding that Devereaux solely suffered from “stress,” as almost all people do; rather there were undisputed physical ailments, i.e., a physical injury, which was brought about due to stress, as in Rossi, 69 Mass.App.Ct. at 60.
ORDER
Therefore, it is ORDERED that Plaintiffs Motion for Judgment on the Pleadings be ALLOWED. The court declares and orders that the defendants are to reimburse Devereaux for all the bills, including but not limited to those bills submitted for treatment of emotional injuries, that were submitted to the Board and Colonel. The defendants are ordered also to correct Devereaux’s personnel records to credit back the compensatory time and accumulated sick and vacation leave benefits used for his pay while he was disabled from work as a result of the February 14, 2006, injury.

Devereaux’s primary care physician was Dr. David E. Weinstock. Dr. Andrew F. Morring examined Devereaux under the direct supervision of Dr. Weinstock.

General Laws c. 30A, §14 provides in relevant part: “Where a statutory form of judicial review or appeal is provided such statutory form shall govern in all respects, except as to standards of review. The standards for review shall be those set forth in paragraph (7) of this section, except so far as statutes provide for review by trial de novo. Insofar as the statutory form of judicial review or appeal is silent as to procedures provided in this section, the provisions of this section shall govern such procedures.” G.L.c. 30A, §14. The parties do not dispute that this is the applicable standard of review.

None of the regulations explicitly state that the Colonel will not pay for any stress-induced disorders/illnesses; they only state that the Board will review claims of physical injury. The court will, however, interpret these regulations as indicating that there must be a “physical injury” in order for medical expenses to be reimbursed.

General Laws c. 152, §1(7A) states: “No mental or emotional disability arising principally out of a bona fide, personnel action including a transfer, promotion, demotion, or termination except such action which is the intentional infliction of emotional harm shall be deemed to be a personal injury . . .” G.L.c. 152, §1(7A).